### 9301

### BRANDON v. OTTARAY COTTON MILLS.

(88 S. E. 1102.)

NEGLIGENCE—MASTER AND SERVANT—PROXIMATE CAUSE—ASSUMPTION OF RISK—ISSUES.—Where more than one inference can be drawn from the evidence as to negligence, proximate cause and assumption of risks, the issues are for the jury, and the direction of a verdict is properly refused.

Before SMITH, J., Union, February, 1915. Affirmed.

Action by J. H. Brandon against Ottaray Cotton Mills. From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth & Haynsworth* and *J. A. Sawyer,* for appellant. The former cite: *As to duty to warn:* 55 S. C. 483; 80 S. C. 351; 3 Labatt M. & S. (2 ed.) 1066; 4 *Ib.* 1516. *Assumption of risk:* 86 S. C. 69; 89 S. C. 502.

*Mr. John K. Hamblin,* for respondent: *Negligence in requiring machinery oiled while in motion:* 92 S. C. 249; 68 S. C. 55; 84 S. C. 364; 85 S. C. 372; 72 S. C. 102. *Assumption of risks:* 77 S. C. 69; 80 S. C. 360; 74 S. C. 18; 72 S. C. 34; 80 S. C. 239; 86 S. C. 69; 80 S. C. 567; 75 S. C. 150. *Duty to warn:* 76 S. C. 452; 86 S. C. 116; 80 S. C. 232; 99 S. C. 112.

March 3, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant.

The allegations of the complaint material to the questions involved, are as follows:

"That on or about the 10th day of February, A. D. 1910, the plaintiff was in the service of the defendant, as an employee working as an oiler in its card room; that while in the discharge of his duty on said day, his left hand was caught in the machinery, and was so badly torn and broken thereby, that his ring finger had to be amputated, and his hand to a great extent is practically useless, to his great suffering, injury and pain.

That the aforesaid injury was directly due to and proximately caused by the negligence, wantonness and wilfulness of the defendant in the following respects:

A. In not furnishing plaintiff a safe place in which to work; in that the said plaintiff was required, against his will, to oil said machinery while it was running and in motion, and in violation of the rules of the defendant.

B. In not furnishing plaintiff a safe place in which to work; in that the said place was not sufficiently lighted, it being a dark and cloudy day.

C. In not furnishing plaintiff safe machinery and place in which to work; in that said roping was too near together.

D. In not furnishing plaintiff with safe machinery; in that the defendant allowed cotton and oil to accumulate on said machinery.

E. In not instructing plaintiff as to the danger of said machinery and place, which was not evident to him and of which he was unconscious; and not warning him of the danger in putting his hand at said place, from which it was caught as aforesaid, while attempting to oil said machinery, the plaintiff, at that time being a boy of immature years.

F. In defendant's failure to properly inspect said machinery and place."

The defendant denied the allegations of the complaint, alleged that the plaintiff's carelessness was the proximate cause of the injury, and set up as a defense, assumption of risk.

After the close of the testimony, the record shows that the following took place:

"Mr. Haynsworth: We desire to move in this case for a directed verdict, on the following grounds: (1) That there is no evidence of negligence in this case, operating as a proximate cause of the injury; (2) that the risk was plain and obvious, and was assumed by the plaintiff, and that is the only reasonable conclusion to be drawn from the testimony; (3) that there were two methods of doing the work, one safe and the other attended with risk, and in selecting the dangerous method, he assumed the risk involved, and that there is only one reasonable conclusion to be drawn from that matter.

(Argument.)

The Court: The argument, Mr. Haynsworth, has not only been interesting but extremely forcible; but as I have indicated, if this plaintiff were mature, and the testimony so justified the inference as the sole inference, why, I would not hesitate to grant the motion. But I think it is better to submit to the jury the question which I have indicated, and I will do so under certain instructions as I think appli-

cable to the case.    I shall further instruct them that there is not the slightest evidence to warrant punitive damages in this case."

The plaintiff's attorney then stated in open Court that the claim for punitive damages had already been withdrawn.

The jury rendered a verdict in favor of the plaintiff for $500.00.

The only question raised by the appeal is, whether there was error on the part of his Honor, the presiding Judge, in refusing the motion to direct a verdict.

The appellant has failed to satisfy this Court that there was error in refusing the motion to direct a verdict.

Our conclusion is based upon a consideration of all the testimony, a review of which could not be made without a detailed statement, that would subserve no useful purpose.

Appeal dismissed.