9475

## ALSTON v. VIRGINIA-CAROLINA CHEMICAL CO.

(89 S. E. 497.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—LIABILITY OF MASTER—
SUFFICIENCY OF EVIDENCE.—In an action for injuries, from inhaling
gases, by the employee of a fertilizer manufacturer, evidence *held*
sufficient to sustain verdict for plaintiff.

2. MASTER AND SERVANT—INJURIES TO SERVANT—LIABILITY OF MASTER.—
A manufacturer of fertilizer was liable to its employee, an ignorant
negro, ordered to work in a tower containing deadly gases, where
he could not remain and breathe for more than two or three minutes
at a time, he being unaware of their tendency to injure, the order
to work, under the circumstances, being an assurance of safety.

Before SEASE, J., Charleston, April, 1915.    Affirmed.

Action by Joseph Alston against the Virginia-Carolina
Chemical Company. From a judgment for plaintiff,
defendant appeals.

*Messrs. Mordecai & Gadsden & Rutledge, Simeon Hyde*
and *D. K. Legge,* for appellant, cite: *As to absence of duty to
warn:* 20 A. & E. Enc. of L. 94; 55 S. C. 483.    *Contributory
negligence:* 21 S. C. 541.    *Assumption of risk:* 27 S. C. 71;
72 S. C. 346.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for
respondent, submit: *This Court will not review findings of
fact*—74 S. C. 367; 91 S. C. 6; 73 S. C. 83 and 291—*unless
there was an entire failure of evidence:* 73 S. C. 543.
*Inferior Courts:* Const. 1895, art. V, sec. 1; 96 S. C. 443;
Code Civ. Proc., sec. 397; Civil Code, sec. 1431; and cite:
As to direction of verdict: 78 S. C. 251; 80 S. C. 545; 67
S. C. 129; 90 S. C. 316; 86 S. C. 274; 50 S. C. 37; 86 S. C.
306; 60 S. C. 18; 100 S. C. 107; 97 S. C. 409.    *Wilfulness:*
88 S. C. 14; 97 S. C. 412.    *Contributory negligence:* 93 S.
C. 249; 89 S. C. 390; 95 S. C. 138; 55 S. C. 102.    *Assump-
tion of risks:* 21 S. C. 541; 52 S. C. 438.

July 20, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for $500 damages for personal injury under the following circumstances: Plaintiff was employed as a carpenter's helper, and was ordered to go into an acid chamber or tower to do some work. The tower, which had not been used for some weeks, was full of noxious and deadly gases, which were generated and run through it for the action—chemical or physical—which resulted in their coming in contact with acid which flowed down from the top of the tower over bricks placed therein in the process of making fertilizer or the ingredients thereof. If the top had been removed from the tower, the gases would have passed out after a time, and the work could have been done in safety.

Plaintiff had been employed about the work some eight or nine years, probably, most of that time in the room where these gases were generated. But practically all of them were carried through flues into the tower, and he had suffered no inconvenience or injury from the little that had occasionally escaped into the room where he worked. He testified that he did not know of their dangerous or deadly quality, and that he had never been in one of the towers until the day he was injured, and that he did not know of or appreciate the danger of working in there, and had never been warned of it. The testimony further shows that the plaintiff's superior, and defendant's representative on the spot, did know of and appreciate the danger, and ordered the work to proceed, and kept the men at it about three hours, without warning them of the danger, notwithstanding the gases were so dense that they could not remain in the tower exceeding two or three minutes at a time.

Consideration of the foregoing statement of the evidence and its tendencies shows that there was no error in submit-

ting the issues made by the pleadings to the jury, and that there was ample evidence to sustain the verdict. Nor was there error in refusing to set the verdict aside on the ground that the jury found contrary to the instructions of the Court relative to the law where the danger is obvious; because the testimony was that it was not obvious to plaintiff.

Being an ignorant negro, he had the right to rely on the judgment of his superior, and to assume that he was not being sent into a dangerous place. He may well have assumed, notwithstanding the obvious inability to remain in and breathe the gases longer than two or three minutes at a time, that there was no danger of injury, either temporary or permanent—no more, for instance, than would attend the attempt to work temporarily in a dense smoke generated by the burning of wood or straw. Under the circumstances, the order to proceed with the work was by implication, an assurance of safety in doing it.

Judgment affirmed.