### 9885

ROURK v. VIRGINIA-CAROLINA CHEMICAL CO. *ET AL.*

(95 S. E. 79.)

1. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.— In an action for death, the admission of the certificate of death filed with the board of health was not .prejudicial, where there was abundant testimony that the cause of death was as stated in such certificate, and no other reasonable inference could be drawn from the evidence, and defendant did not seriously contend in the lower Court that there was any different cause, especially where the doctor making such certificate was in Court before the case was submitted to the jury, but defendant made no request that he be sworn for examination or cross-examination.

2. APPEAL AND ERROR—HARMLESS ERROR—BURDEN OF SHOWING PREJ-UDICE.—Appellant must not only show error, but that the error was prejudicial.

3. NEGLIGENCE—QUESTIONS FOR JURY.—The same rules govern the granting of a nonsuit and the direction of a verdict, and, on a motion for either, the case must be submitted to the jury if the testimony is susceptible of more than one inference, or if there is evidence to sustain any of the specifications of negligence in the complaint.

4. APPEAL AND ERROR—CASE—MATTERS INCLUDED.—Where a case had been twice tried, a new trial having been granted for inadequacy of the damages, the Judge did not err, on the settlement of the proposed case, in refusing to allow the order granting the new trial to be set out in full and in permitting only the bare statement that the Judge presiding on the first trial granted a new trial for inadequacy of the damages.

Before BOWMAN, J., Charleston, Spring term, 1917. Affirmed.

Action by Annie T. Rouk, as administratrix of Henry M. Rouk, deceased, against the Virginia-Carolina Chemical Company and another. From a judgment for plaintiff, the defendant named appeals. .

*Messrs. Mordecai & Gadsden* and *Rutledge, Mitchell & Smith*, for appellant, cite: *As to error in admitting death certificate:* Wigmore on Evidence, Ed. 1904, vol. III, pp. 2007 and 2015, secs. 1644 and 1646; 165 N. Y. 159; 58 N. E. 891, 894; 126 N. Y. 450; 27 N. E. 944; 173 N. Y. 374; 66 N. E. Rep. 102; 135 N. Y. Supp. 418; 151 App. Div. 372; 128 N. Y. S. 629; 71 Miscellaneous Reports 448; 141 N. Y. S. 279, 281; 159 App. Div. 719; 64 Neb. 39; 89 N. W. 448, 451; 79 Md. 375, 378; 29 Atl. Rep. 606; 74 Conn. 699; 52 Atl. 490, 492; 76 Vermont 221; 56 Atl. 985; 143 Mich. 369; 106 N. W. 1107; 139 Wis. 561; 121 N. W. 351; Acts of the General Assembly, vol. II, 588; sections 333, 334 Revised City Ordnances of Charleston; 14 S. C. Eq. (Rice's Eq. Rep.) 69-71; Code of Laws, sec. 3993; Code of Laws 1912, sec, 3992. *As to assumption of risk:* 55 S. C. 483; 72 S. C. 346; 21 S. C. 547; 55 S. C. 101; 55 S. C. 483; 72 S. C. 237; 72 S. C. 264; First Labatt on Master and Servant, sections 263-264, 279b; 66 S. C. 208; 61 S. C. 468; 27 S. C. 75. *As to permitting gas to remain in tower:* 105 S. C. 72; 99 S. C. 417.

*Messrs. Logan & Grace,* for respondent, cite: *As to not granting nonsuit or directing verdict:* 84 S. C. 299; 78 S. C. 251; 80 S. C. 545; 67 S. C. 129; 90 S. C. 316; 86 S. C. 274; 86 S. C. 306; 60 S. C. 18; 100 S. C. 107; 100 S. C. 294; 97 S. C. 409; 103 S. C. 102; 103 S. C. 421; 106 S. C. 419; 104 S. C. 410. *As to contributory negligence:* 97 S. C. 412; 93 S. C. 249; 89 S. C. 390; 95 S. C. 138; 14 Enc. of Law, p. 557; 102 S. C. 226; 55 S. C. 102; 21 S. C. 541; 52 S. C. 438; 107 S. C. 90; 107 S. C. 96. *As to admission of death certificate:* 103 S. C. 240; vol. XVII, Statutes at Large 331; Revised Ordinances of Charleston, section 330; Civil Code 1912, sections 3992 and 3996; Greenleaf on Evidence, sections 483-4; Hughes on Evidence 86; 99 U. S. 660. *As to prejudicial error:* 107 S. C. 249; 83 S. C. 291; 97 S. C. 291; 91 S. C. 516; 98 S. C. 291; 95 S. C. 306; 82 S. C. 196; 101 S. C. 73; 95 S. C. 9; 93 S.

C. 168; 80 S. C. 80; 105 S. C. 169; 100 S. C. 115; 91 S. C. 301; 93 S. C. 299; 106 S. C. 374; 101 S. C. 429; 107 S. C. 461; 107 S. C. 1.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages for the alleged death of the husband of the plaintiff while in the employment of the defendant at one of its factories near Charleston. The case was first tried in January, 1916, before Special Judge Edward McIver, and resulted in a verdict in favor of the plaintiff for $1,000. Judge McIver granted a new trial for inadequacy of damages. The case then came on for trial before Judge Bowman and a jury in January, 1917, and resulted in a verdict in favor of plaintiff for $12,500. After entry of judgment defendant appeals, and by their exceptions allege error based upon the improper admission of evidence prejudicial to the defendant over objection and refusal of trial Judge to grant defendant's motion for a nonsuit, and refusal to direct a verdict in favor of the defendant.

The first exception is:

"That the trial Judge erred in admitting in evidence, over defendant's objection, the certificate of death of the city health office to prove the cause of the alleged death of Henry M. Rouk, the said certificate being hearsay and incompetent to prove the cause of death, which should have been established by direct proof, and depriving defendant of all opportunity for cross-examination of plaintiff's doctor as to the cause of death, and being the only evidence of cause of death in the whole record and prejudicial to defendant."

The admission of the evidence complained of was not prejudicial to the defendant. The paper offered in evidence was not a copy, but the original, whether admitting the cer-

tificate made by Dr. Mitchell filed with the board of health was error or not was harmless, and the cross-examination of him could not have helped the defendant.

The evidence conclusively shows that when Dr. Mitchell was called in to see the deceased he made no examination of the deceased. It was admitted by appellant's counsel in the argument in this Court that Dr. Mitchell came in the Court during the trial and before case was submitted to the jury, and they did not request his Honor to have him sworn for the purpose of examination or cross-examination of him. Had this request been made, no doubt his Honor under the circumstances would have allowed it. In response to a question by a member of this Court appellant's counsel admitted that they did not argue to the jury that the deceased's death was not brought about as alleged in the complaint, which was gas poison. The admission of this certificate was not prejudicial to the rights of the defendant.

There was other testimony ample and competent to submit to the jury as to the cause of deceased's death, and no other reasonable inference could be drawn from that evidence other than the cause of his death was that as alleged in the complaint.

The defendant must not only show that there was error, but that the error was prejudicial. There being other testimony and an abundance of it introduced by the plaintiff other than the certificate of death, and the appellant not seriously contending in their arguments in the Court below that deceased's death was from a different cause from the one alleged this exception is overruled.

As to the exceptions in refusing a nonsuit or directed verdict the same rules govern the granting of nonsuit and the direction of a verdict, and where the testimony is susceptible of more than one inference the case must be submitted to the jury, and where there is evidence to sustain any of the several specifications of negligence in the complaint, the case goes to the jury. In this case

there was evidence of such a character as warranted the refusal to grant a nonsuit or directing a verdict under the authorities of *Steele v. Railway,* 103 S. C. 102, 87 S. E. 639; *Brandon v. Ottaray Mills,* 103 S. C. 421, 88 S. E. 1102; *Baker v. Insurance Co.,* 106 S. C. 419, 91 S. E. 324. There was positive evidence on the part of the plaintiff to support each and every allegation of the complaint as specified in the allegations of negligence, as a careful examination of the testimony in the case shows. This Court affirmed the judgment of the Circuit Court in *Alston v. This Same Appellant,* in 104 S. C. 410, 89 S. E. 497. Alston was injured at the same time deceased was, and the evidence in this case is practically and substantially the same. The verdict is supported by evidence, and should not be disturbed. These exceptions are overruled.

The exceptions of the respondent as to settlement of the proposed case by his Honor, Judge Bowman, are overruled. The respondent was not entitled to have the order of Special Judge McIver in full. His Honor allowed the meat of the case and all that was necessary that "Judge McIver granted a new trial for inadequacy of damages."

All exceptions are overruled, and the judgment of Circuit Court affirmed.