20151

Herbie Franklin WATTS, Administrator of Estate of David Aubrey Watts, Respondent, v. BELL OIL COMPANY OF OCEAN DRIVE, INC., Appellant.

(221 S. E. (2d) 529)

*Messrs. Burroughs, Green, Sasser & Hudson,* of Conway, *for Appellant,*

*Messrs. Grimes, Hinds & Cowan,* of Georgetown, *for Respondent,*

January 21, 1976.

RHODES, Justice:

This wrongful death action resulted in a jury verdict against the defendant-appellant, Bell Oil Company of Ocean Drive, Inc., for $100,000 actual damages. Bell Oil's motion for a new trial was denied by the lower court and it has appealed. We affirm.

The sole issue on appeal is whether the admission of certain testimony was erroneous and prejudicial.

Plaintiff-respondent, H. F. Watts, is the administrator of the estate of the deceased, David Watts, who was killed when he was struck by a truck belonging to and driven by an employee of Bell Oil. At the trial, the truck driver testified that he struck the deceased while attempting to avoid a collision with an oncoming vehicle which had pulled out from a service station.

Plaintiff presented three witnesses who were in cars parked at the service station. Each witness testified that no vehicle pulled out from the service station or was on the highway (other than Bell Oil's truck) at the time of the accident. The accident occurred along a curved section of the highway on a clear day during daylight hours.

The only other witness was a South Carolina Highway Patrolman who investigated the accident. Plaintiff's counsel asked the patrolman the following question: "Were you able to locate anyone who saw this vehicle?" The question

was objected to on the ground that it called for hearsay testimony. The lower court overruled the objection, and the patrolman answered "[n]o sir."

The question of whether the patrolman's testimony was hearsay is controlled by *Johnson v. Finney,* 246 S. C. 366, 143 S. E. (2d) 722 (1965). In *Johnson,* we held that testimony of an investigating patrolman as to whether he was able to locate an eyewitness who saw defendant's car strike the plaintiff was inadmissible as hearsay. Thus, the lower court erred in overruling Bell Oil's objection to the question asked the patrolman.

However, in order for us to order a new trial based on the erroneous admission of the patrolman's testimony, the record must show not only error but also prejudice. *Timmons v. Tricentennial Comm.,* 254 S. C. 378, 175 S. E. (2d) 805 (1970). "Ordinarily, the admission of incompetent evidence having some probative value upon a material issue of fact in the case is presumed to be prejudicial." *S. C. State Hwy. Dept. v. Graydon,* 246 S. C. 509, 144 S. E. (2d) 484, 485 (1965). This presumption has failed in cases where the issue of fact was undisputed. *Lamb v. Southern Ry. Co.,* 86 S. C. 106, 67 S. E. 958 (1910); *Rouk v. Virginia-Carolina Chemical Co.,* 108 S. C. 397, 95 S. E. 79 (1918). In *Rouk,* the erroneous admission of a death certificate to prove the cause of death was held to be nonprejudicial because the cause of death was not in dispute and had been proven by other sufficient competent evidence.

In the present case, the only witness offered by Bell Oil was its truck driver. While this witness testified as to the presence of the other vehicle, he further testified as follows:

"Q. Do you know of anybody else that saw that car?
"A. No, sir."

The question asked the patrolman and that asked the truck driver were almost identical and a negative answer was given by both witnesses. It is plain from the foregoing

that there existed no conflict between the parties as to whether there were other eyewitnesses to the collision who could testify as to the presence of the other vehicle. Since the testimony of the patrolman was simply corroborative of that given by the truck driver on this issue, the erroneous admission of the patrolman's testimony was not prejudicial.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.