481 S.E.2d 714

**Tera Ann GALLOWAY, Respondent,**

v.

**REGIS CORPORATION, Appellant.**

**No. 2623.**

Court of Appeals of South Carolina.

Heard Nov. 7, 1996.

Decided Jan. 27, 1997.

Review Dismissed March 5, 1997.

Saunders M. Bridges, Jr., of Bridges, Orr, Derrick & Ervin, Florence, for appellant.

Manning Y. Culbertson, of Culbertson, Christophillis & Sauvain; and David H. Wilkins, of Wilkins & Madden, Greenville, for respondent.

PER CURIAM:

Regis Corporation (Regis) appeals from an order compelling enforcement of a settlement agreement purportedly reached between Regis and Respondent Tera Ann Galloway (Galloway). We reverse and remand.

## I.

In September 1992, Galloway brought a personal injury suit against Regis, alleging she fell in Regis's retail establishment. Galloway and Regis entered into informal settlement negotiations but reached no resolution. After Regis and Galloway learned that the case was on the docket for the September 1994 term of court, they agreed to engage in formal mediation of the case. The mediation took place on August 23, 1994.

According to Galloway, the parties reached a final settlement of the case during the mediation, with Regis agreeing to pay Galloway $190,000. While no formal settlement agreement was signed, Galloway contends the terms of the settlement were reflected in notes written by Regis's attorney during the mediation. After the mediation, the parties informed the clerk of court that the case had been settled. A form order dismissing the case as settled was entered on September 7, 1994. Galloway contends that, despite repeated requests, Regis refused to disburse the agreed-upon funds.

Not unexpectedly, Regis paints a dramatically different picture of the case. According to Regis, documenting of Galloway's claimed loss of earning capacity had been a major obstacle throughout the settlement negotiations. During the August mediation session, Galloway for the first time stated she had tax returns that would support her lost earnings claim. Regis contends that while no agreement was reached at the mediation, the parties reached an agreement several days later. According to Regis, the parties agreed that Regis

would pay Galloway $190,000 in exchange for a complete release of Galloway's claims. However, the agreement was conditioned upon receipt by Regis of Galloway's tax returns substantiating the income levels claimed by Galloway at the mediation. Galloway could not produce the required tax returns, and the assorted receipts and other documentation provided to Regis did not support the income levels claimed by Galloway. Because Galloway did not satisfy the condition precedent to settlement of the case, Regis refused to disburse the settlement funds to Galloway.

In an effort to resolve their dispute over the settlement agreement, the parties attempted to reinstate the case on the jury trial docket. Because of an administrative error, the consent order seeking reinstatement was never entered. Thereafter, Galloway filed a motion seeking to compel Regis to comply with the settlement agreement. The lower court concluded that, at the August mediation, the parties had in fact agreed to settle the case for $190,000, payable immediately. The lower court ordered Regis to comply with the terms of the settlement agreement by paying $190,000 as agreed during settlement negotiations, plus pre-judgment interest at 8.75 percent and post-judgment interest at 14 percent. The court also ordered Regis to pay Galloway $1,253.25 in attorney's fees and costs incurred in connection with her motion to compel. This appeal followed.

## II.

On appeal, Regis contends the trial court erred in enforcing the settlement agreement. We agree.

Assuming without deciding that the parties did in fact firmly agree to settle Galloway's claim for $190,000, the trial court nonetheless erred in enforcing the agreement. In *Widewater Square Assocs. v. Opening Break of America, Inc.,* 319 S.C. 243, 460 S.E.2d 396 (1995), and *Ashfort Corp. v. Palmetto Constr. Group, Inc.,* 318 S.C. 492, 458 S.E.2d 533 (1995), our Supreme Court held that Rule 43(k) of the South Carolina Rules of Civil Procedure applied to settlement agreements. Rule 43(k) provides that "[n]o agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written

stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record." Rule 43(k), SCRCP. To comply with the requirements of Rule 43(k), "the order or written stipulation must set forth the terms of the settlement." *Ashfort*, 318 S.C. at 495, 458 S.E.2d at 535.

In this case, there simply is no consent order or other writing that reveals the terms of the settlement. The form order issued on September 7 merely indicates that the case was settled; it does not reflect the terms of the settlement. *See Ashfort*, 318 S.C. at 495, 458 S.E.2d at 535 (form order showing that case was settled does not satisfy Rule 43(k)'s writing requirement). The correspondence between the attorneys after the mediation is likewise silent as to the terms of the settlement agreement.[1] The trial court, therefore, erred by ordering enforcement of the oral agreement.

■ Galloway argues, however, that certain notes written during the mediation by Regis's attorney or insurance adjuster satisfy Rule 43(k)'s writing requirement. We disagree.

The notes to which Galloway refers are hand-written calculations of damages and are contained on a single page in the record. The top part of the page is a listing of categories of damages (general damages, lost wages, etc.) and corresponding dollar figures, which total $186,279.88. Beside this total figure is written the word "offer." At the bottom of the page is a series of calculations through which $33,000 is added to $186,279.88 for a total of $219,279.88. In the middle of the page, the $219,279.88 figure again appears, with a line drawn through it. The figure $190,000 appears just above this stricken-through figure. The remaining writings on the page are indecipherable. While these notes may reflect the course

---

1. In fact, the correspondence seems to indicate that no firm settlement had been reached. On August 26, 1994, two days after the mediation during which Galloway contends an agreement was reached, Regis's attorney sent to Galloway's attorney a letter stating that he did not expect any problem and that he would call Galloway's attorney later that day "with a firm commitment." Moreover, on that same day, Regis served Galloway with its responses to Galloway's interrogatories and request for production of documents. It seems highly unlikely that Regis would continue with the discovery process if the case had been settled.

of negotiations between the parties, nothing in the notes indicates that the parties ever reached an agreement to settle the case. Thus, these unclear and ambiguous notes simply cannot satisfy the Rule 43(k) requirement that a settlement agreement is enforceable only if it is read into the record or reduced to writing.

Galloway also argues the agreement is enforceable because the parties admit there was an agreement. *See Ashfort,* 318 S.C. at 494, 458 S.E.2d at 534, n. 1 (Rule 43(k)'s writing requirement "does not apply where the agreement is admitted or has been carried into effect."). Again we disagree. While the record establishes that the parties agreed in principle to settle Galloway's claims for $190,000, the parties on appeal do not agree about the terms of the settlement, and there is no evidence in the record from which this Court could conclude that the parties reached an agreement as to the terms of the settlement. Because the conditions upon which an agreed-upon sum of money will be paid are material terms of any settlement agreement, the absence of agreement on the terms of the settlement is fatal to Galloway's claim. To conclude otherwise would largely render meaningless the requirement that settlement agreements be in writing. As the Supreme Court noted in *Ashfort,* the purpose of Rule 43(k) requirements is to

> prevent fraudulent claims of oral stipulations, and *to prevent disputes as to the existence and terms of agreements* and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up in controversial matters of this character.

*Ashfort,* 318 S.C. at 495, 458 S.E.2d at 535 (quoting 83 C.J.S. *Stipulations* § 4 (1953)) (emphasis added).

While we recognize the apparent unfairness that our ruling works upon Galloway, our conclusion is compelled by the Supreme Court's rulings in *Ashfort* and *Widewater.* We hope our decision here underscores the importance of putting a settlement agreement on the record or immediately reducing the agreement to writing, and including in the writing all material terms and conditions of the agreement. Only then

will an attorney be certain that his client's interests are fully protected.

Accordingly, for the foregoing reasons, the trial court's order is hereby reversed, and the case is hereby remanded to the trial court for reinstatement on the trial docket.

**REVERSED and REMANDED.**

HOWELL, C.J., and HUFF and HOWARD, JJ., concur.