528 S.E.2d 94

**John W. REED, Appellant,**

**v.**

**ASSOCIATED INVESTMENTS OF EDISTO ISLAND, INC. and Lawrence Savage, III, as agent for Associated Investments of Edisto Island, Inc., Respondents.**

**Associated Investments of Edisto Island, Inc., Third Party, Plaintiff,**

**v.**

**Engineering and Technical Services, Inc., Third Party, Defendant.**

**No. 3118.**

Court of Appeals of South Carolina.

Heard Dec. 8, 1999.

Decided Feb. 14, 2000.

John J. McKay, Jr., of Hilton Head Island, for appellant.

Capers G. Barr, III, H. Wayne Unger, Jr., both of Barr, Unger & McIntosh, of Charleston, for respondents.

PER CURIAM:

John W. Reed appeals an order compelling enforcement of a partial settlement agreement purportedly reached between Reed and Associated Investments of Edisto Island, Inc. and Lawrence Savage, III (collectively Associated) regarding Reed's purchase of a beachfront lot from the corporation. We reverse and remand.

## BACKGROUND

In 1993, Reed purchased a lot in a beachfront community from Associated and constructed a home thereon. Reed thereafter filed suit, accusing Associated of numerous misstatements and omissions. For instance, Associated represented to Reed that the lot fell outside the boundary established under the Coastal Barrier Resources Act[1] (COBRA) and was thus eligible for federally subsidized flood insurance. The lot in fact did not fall outside the designated line. Reed alleged seven causes of action: (1) fraud, (2) fraudulent inducement to execute a contract, (3) constructive fraud, (4) breach of contract, (5) breach of contract accompanied by a fraudulent act, (6) negligence and negligent misrepresentation, and (7) unfair and deceptive trade practices. Associated filed an answer generally denying the allegations and asserted a third-party complaint against Engineering and Technical Ser-

---

1. 16 U.S.C.A. §§ 3501 to 3510 (1985 & Supp.1999).

vices, Inc., the engineering firm hired by Associated to plat the COBRA line.

Reed and Associated entered into informal settlement negotiations. According to Associated, an agreement was reached on June 30, 1997. The agreement provided: (1) Associated would pay Reed $10,000, (2) Reed would dismiss his COBRA claims with prejudice, (3) the remaining claims would be dismissed without prejudice, and (4) the settlement would provide that Associated did not waive any statute of limitations defense for the claims dismissed without prejudice. Counsel for Associated alleges that Reed's attorney telephoned him and stated that he had spoken to Reed and Reed agreed to accept all terms. Thereafter, one of Associated's attorneys sent Reed's attorney a check for $10,000 along with the Settlement Agreement and an Order of Dismissal.

A few weeks later, Reed's attorney informed Associated that he would be filing a motion to be relieved as counsel and would be returning the check and the unsigned agreement. Associated then moved to compel enforcement of the settlement, attaching supporting affidavits. At the motion hearing, Reed's attorney denied that the parties had fully agreed on the terms of a possible settlement. He stated that although the parties agreed in principle as to the amount of the settlement, they did not have a solid agreement about how the statute of limitations issue was to be addressed. In response, Associated stated it would no longer require Reed to dismiss the remaining claims and urged the court to sever the agreement and enforce only the portion of the settlement which dismissed the COBRA claims. Reed's attorney opposed the selective enforcement of the agreement.

The circuit court found that "[b]ecause of the time sensitive nature of the statute of limitations, because the settlement as to the COBRA claim is admitted and in view of [Associated's] suggestion that the Agreement is severable, ... the Agreement between the parties should be enforced, only as it relates to the COBRA claim, about which there is no dispute." The court granted Associated's motion to compel but only insofar as it related to the settlement and dismissal with prejudice of Reed's COBRA claims. The court did not enforce a dismissal

of the remaining claims as originally discussed by the parties, but instead allowed the claims to remain pending.

Reed appeals, arguing (1) the circuit court erred in enforcing an oral settlement agreement violating the provisions of Rule 43(k), SCRCP, and (2) the court erred in separating the settlement negotiations and partially enforcing what the court believed to be the agreement.

## LAW/ANALYSIS

■ Reed contends the alleged agreement did not comply with the terms of Rule 43(k) nor was it admitted. Associated, however, argues its settlement agreement with Reed is enforceable because it was an admitted agreement.

■ Rule 43(k), SCRCP, provides: "No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record." This rule was held to apply to settlement agreements in *Ashfort Corp. v. Palmetto Construction Group, Inc.,* 318 S.C. 492, 458 S.E.2d 533 (1995). The *Ashfort* court opined that "the purpose of rules such as Rule 43(k) is: '[T]o prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes[.]' " *Id.* at 495, 458 S.E.2d at 535 (quoting 83 C.J.S. *Stipulations* § 4 (1953)). The court also noted that Rule 43(k) does "not apply where the agreement is admitted or has been carried into effect." *Id.* at 494 n. 1, 458 S.E.2d at 534 n. 1.

To support its claim that the agreement was admitted, Associated submitted affidavits of its attorneys. In one, Associated's attorney stated that Reed's attorney telephoned him and "advise[d] him he had spoken to Mr. Reed and Mr. Reed had agreed and accepted all terms and the matter was therefore settled." Additionally, Associated's attorney maintained that during the motion hearing Reed's attorney did not dispute they agreed to settle the COBRA claim with prejudice for $10,000 and stated "[i]f they don't want to dismiss the others without prejudice, we don't have any statute of limitations problem if it just stays where it is." Further, Associat-

ed's attorney argued the agreement was severable because, whether the remaining (non-COBRA) claims were dismissed without prejudice and then Reed had to refile them or whether those remaining claims were simply not dismissed, there was an agreement that the COBRA claim would be dismissed with prejudice for $10,000. He argued that even if the judge found there was no meeting of the minds regarding dismissal of the remaining claims, settlement of the COBRA portion should be enforced.

Reed's attorney objected to a severance of the allegedly undisputed portion of the settlement. He contended that although the parties had an agreement in principle to settle the case for $10,000, "there was no meeting of the minds with respect to the statute of limitations in the settlement agreement." He asserted, "If the issue is whether the plaintiff admits settlement, I can tell you most definitely that we do not admit that there was a settlement." Counsel clearly disputed Associated's claim that the parties had reached a final agreement on all of the terms.[2]

The circuit court compelled enforcement of the settlement for $10,000, but only as to the COBRA claims. The court stated the other causes of action would not be dismissed so there would be no problem concerning the statute of limitations. The court explained, "I don't want him prejudiced by the statute of limitations *if there wasn't a meeting of the minds.*" (Emphasis added.) From the court's comments and the statements by Reed's attorney, it is evident this portion of the agreement remained unsettled. It is clear the parties

---

2. Reed's attorney stated:

Your Honor, the plaintiff's position is that while we had an agreement in principle as to the amount of this settlement, $10,000, it was clear all along that one claim, the COBRA claim, would be dismissed with prejudice, the other claim[s] would be dismissed without prejudice to give my client the right to pursue those if he wanted to. It was critical for us what the language was going to be addressing the statute of limitations. Both [Associated's counsel] and I knew and discussed that there was a statute of limitations issue. We did not, to my mind, have an understanding as to specifically how that would be addressed. When I spoke with [Associated's counsel] about the agreement, we came to a decision that $10,000 would be the amount but the specifics of the agreement were not clear at that time. Where I take issue with [his] affidavit is the concept that we had a solid agreement on June 30th.

contemplated a *full* settlement of the issues and their negotiations did not encompass a severance of the agreement.

Where the parties agree on the amount of the settlement, but not the terms of the settlement, it is not admitted so as to remove Rule 43(k)'s requirements. *See Galloway v. Regis Corp.*, 325 S.C. 541, 481 S.E.2d 714 (Ct.App.1997). As we read the record, we find the trial court erred in concluding that Reed and Associated reached an agreement about the terms of the settlement. "Because the conditions upon which an agreed-upon sum of money will be paid are material terms of any settlement agreement, the absence of agreement on the terms of settlement is fatal ... To conclude otherwise would largely render meaningless the requirement that settlement agreements be in writing." *Id.* at 546, 481 S.E.2d at 716.

Because it is clear from the record that the parties had a partial agreement as to the money to be paid in contemplation of a full settlement of the issues and the agreement was not admitted, the writing requirements of Rule 43(k) preclude enforcement of the settlement. Accordingly, the order compelling enforcement of a portion of the alleged settlement agreement is

**REVERSED AND REMANDED.**[3]

CONNOR, ANDERSON, and STILWELL, JJ., concur.

---

3. Because of our disposition, we need not reach the issue of whether a court can compel, under proper circumstances, the enforcement of a partial settlement agreement.