**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, NA, Respondent,

v.

Michael Smith; South Carolina Department of Motor Vehicles; M & T Properties, Inc.; State of South Carolina; Arthur State Bank; South Carolina Department of Probation, Pardon and Parole Services, Defendants, of whom Michael Smith is the Appellant.

Appellate Case No. 2009-125666

―――――――――

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

―――――――――

Opinion No. 2012-UP-690
Submitted March 1, 2011 – Filed June 13, 2012
Withdrawn, Submitted and Refiled August 8, 2012

―――――――――

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**

―――――――――

Susan P. Ingles, of South Carolina Legal Services, of Greenville, for Appellant Michael Smith.

Sean Matthew Foerster, of Rogers Townsend & Thomas, PC, of Columbia, for Respondent Wells Fargo Bank.

**WILLIAMS, J.:** Michael Smith ("Smith") appeals the Master-in-Equity's ("Master") grant of Wells Fargo Home Mortgage, Inc.'s[1] ("Wells Fargo") motion to strike the jury demand. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS/PROCEDURAL HISTORY

The complaint alleges that on April 29, 2003, Smith gave a Fixed Rate Note ("Note") to Wells Fargo in the amount of $83,000. The Complaint further alleges that to secure payment of the Note, Smith gave Wells Fargo a real estate mortgage ("Mortgage") covering his real property at 1 Anchor Road in Greenville, South Carolina, as well as a 2003 Fleetwood mobile home.

Wells Fargo filed this action for foreclosure, alleging Smith defaulted on his loan payments under the Note and Mortgage and owed $77,460.63 on the debt. After the Greenville County Clerk of Court filed an order of reference, Smith filed a motion to allow late filing of responsive pleadings, and Wells Fargo consented to an extension of time. Smith filed an answer and counterclaim with a jury trial request and asserted, along with other various defenses, the following counterclaims: 1) accounting; 2) unconscionability; and 3) violation of section 37-10-102 of the South Carolina Code (Supp. 2010).[2] Wells Fargo filed a motion to strike the jury demand ("motion to strike"). The Master heard the motion to strike and asked Smith to submit additional authority to support his position.

On March 12, 2009, the Master issued an order granting Wells Fargo's motion to strike and confirming the order of reference. Smith timely filed a Rule 59(e), SCRCP, motion seeking to alter or amend the final order, and by order entered April 15, 2009, the Master denied Smith's Rule 59(e) motion. This appeal followed.

## STANDARD OF REVIEW

---

[1] Wells Fargo, NA is the successor by merger to Wells Fargo Home Mortgage, Inc.
[2] Section 37-10-102 of the South Carolina Code (Supp. 2010) is also referred to as the Attorney Preference statute.

"The matter of striking from a pleading, and the matter of admissibility of evidence is largely within the discretion of the trial judge." *Brown v. Coastal States Life Ins. Co.*, 264 S.C. 190, 194, 213 S.E.2d 726, 728 (1975). "The granting or refusal of a [m]otion to strike . . . will not be reversed except for an abuse of discretion or unless the action of the trial judge was controlled by an error of law." *Id.* at 194-95, 213 S.E.2d at 728 (internal citation omitted); *see also Mayes v. Paxton*, 313 S.C. 109, 115, 437 S.E.2d 66, 70 (1993) (holding absent an abuse of discretion, the trial court's ruling on a motion to strike will not be reversed).

Additionally, "[w]hether a party is entitled to a jury trial is a question of law." *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010). "An appellate court may decide questions of law with no particular deference to the trial court." *In re Campbell*, 379 S.C. 593, 599, 666 S.E.2d 908, 911 (2008) (citation omitted).

## LAW/ANALYSIS

### A. Subject Matter Jurisdiction

On appeal, Smith asserts the Master exceeded his jurisdiction in ruling on Wells Fargo's motion to strike. As a result, Smith contends the matter should have been transferred to the circuit court when he initially filed the jury demand as part of the answer and counterclaim. We disagree.

Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is given to him by an order of reference. *Smith v. Ocean Lakes Family Campground*, 315 S.C. 379, 381, 433 S.E.2d 909, 910 (Ct. App. 1993). When a case is referred to a master under Rule 53, the master is given the power to conduct hearings in the same manner as the circuit court unless the order of reference specifies or limits the master's powers. *Smith Cos. of Greenville, Inc. v. Hayes*, 311 S.C. 358, 360, 428 S.E.2d 900, 902 (Ct. App. 1993). Specifically, Rule 53(c), SCRCP, states "[o]nce referred, the master or special referee shall exercise all power and authority which a circuit court judge sitting without a jury would have in a similar matter."

As a basis for this claim, Smith cites the Reporter's Note appended to the 2002 Amendment to Rule 53, SCRCP. This note states, "If there are counterclaims requiring a jury trial, any party may file a demand for a jury under Rule 38 and the case will be returned to the circuit court." However, the order of reference in this case authorized the Master "to take testimony and to direct entry of final judgment in this action under Rule 53(b), SCRCP, and all matters arising from or reasonably

related to such action. The Master in Equity shall retain jurisdiction to perform all necessary acts incident to this foreclosure action . . . ." Thus, once the case is referred to the Master, he has subject matter jurisdiction to resolve the action to the extent the order of reference provides, and with the authority a circuit court judge would have in a similar matter. *See* Rule 53(c), SCRCP; *Hayes*, 311 S.C. at 360, 428 S.E.2d at 902. Accordingly, we find the Master had subject matter jurisdiction to rule on Wells Fargo's motion to strike the jury demand as the matter was properly before the Master pursuant to the order of reference and our rules of civil procedure.

## B. Smith's Counterclaims

Smith contends the Master erred in determining Smith's counterclaims for unconscionability and a violation of the Attorney Preference statute were not entitled to a jury trial. We disagree.

The South Carolina Constitution provides "[t]he right of trial by jury shall be preserved inviolate." S.C. Const. art. I, § 14. "The right to a trial by jury is guaranteed in every case in which the right to a jury was secured at the time of the adoption of the Constitution in 1868." *Mims Amusement Co. v. S.C. Law Enforcement Div.*, 366 S.C. 141, 149, 621 S.E.2d 344, 348 (2005) (citation omitted). Additionally, Rule 38(b), SCRCP, provides, in pertinent part:

> Any party may demand a trial by jury of any issue *triable of right by a jury* by serving upon the other parties a demand therefor[e] in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

(emphasis added). Smith demanded a jury trial in his answer and counterclaim when he asserted counterclaims of accounting[3], unconscionability, and a violation of the Attorney Preference statute against Wells Fargo.

---

[3] Smith conceded at the non-evidentiary hearing he was not entitled to a jury trial on his counterclaim for accounting and subsequently abandoned this argument on appeal. *See* Rule 208(b)(1)(D), SCACR (stating each "particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority"); *Jinks v. Richland Cnty.*, 355 S.C. 341, 344, 585 S.E.2d 281, 283

"Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions." *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997). If a complaint is equitable and the counterclaim legal and compulsory, the defendant has the right to a jury trial on the counterclaim. *C & S Real Estate Servs., Inc. v. Massengale*, 290 S.C. 299, 302, 350 S.E.2d 191, 193 (1986), *modified by Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 354 S.E.2d 895 (1987). "A mortgage foreclosure is an action in equity." *U.S. Bank Trust Nat'l. Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009). As Wells Fargo's foreclosure allegation is equitable in nature, Smith has the right to a jury trial only if his counterclaim is both legal and compulsory. *See C & S Real Estate Servs., Inc.*, 290 S.C. at 302, 350 S.E.2d at 193.

Characterization of an "action as equitable or legal depends on the appellant's 'main purpose' in bringing the action." *Ins. Fin. Servs., Inc. v. S.C. Ins. Co.*, 271 S.C. 289, 293, 247 S.E.2d 315, 318 (1978) (citations omitted).[4] "The main purpose of the action should generally be ascertained from the body of the complaint." *Id.* (citation omitted). "However, if necessary, resort may also be had to the prayer for relief and any other facts and circumstances which throw light upon the main purpose of the action." *Id.* (citation omitted). The nature of the issues raised by the pleadings and character of relief sought under them determines the character of an action as legal or equitable. *Bell v. Mackey*, 191 S.C. 105, 119-20, 3 S.E.2d 816, 822 (1939) (citations omitted).

For Smith's counterclaims to be entitled to a jury trial, each counterclaim must be both legal and compulsory.

## 1. Unconscionability

Smith argues the Master erred in finding he was not entitled to a jury trial on his unconscionability counterclaim. We disagree.

---

(2003) (holding issues not argued in the brief are deemed abandoned and precluded from consideration on appeal).

[4] "[T]he 'main purpose' rule evolved from a determination that where a plaintiff has prayed for money damages in addition to equitable relief, characterization of the action as equitable or legal depends on the plaintiff's 'main purpose' in bringing the action." *Floyd v. Floyd*, 306 S.C. 376, 380, 412 S.E.2d 397, 399 (1991) (citations omitted).

## a) Common Law Unconscionability[5]

Although Smith's counterclaim for common law unconscionability is compulsory, he is not entitled to a jury trial because this is an equitable claim that does not create a cause of action for damages.

"By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim." *First-Citizens Bank & Trust Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991); *see also* Rule 13(a), SCRCP. The test for determining if a counterclaim is compulsory is whether there is a "logical relationship" between the claim and the counterclaim. *Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995). In *N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 518, 381 S.E.2d 903, 905 (1989), our supreme court adopted the "logical relationship" test and held DAV's counterclaim was compulsory because "there [was] a logical relationship between the enforceability of the note which [was] the subject of the foreclosure action and the validity of the purported oral agreement which, if performed, would have avoided default on the note by the joint venture." In essence, the "logical relationship" determination is made by asking whether the counterclaim would affect the lender's right to enforce the note and foreclose the mortgage. *Advance Intern., Inc. v. N.C. Nat'l Bank of S.C.*, 316 S.C. 266, 269-70, 449 S.E.2d 580, 582 (Ct. App. 1994), *aff'd in part, vacated in part*, 320 S.C. 532, 466 S.E.2d 367 (1996).

Here, there is a "logical relationship" between the enforceability of the Note, which is the subject of the foreclosure action, and the allegation that the Mortgage between Wells Fargo and Smith is unconscionable. If Smith prevails on his unconscionability claim, it will affect Wells Fargo's right to enforce the Note and foreclose the Mortgage. Therefore, Smith's common law unconscionability counterclaim is compulsory under the "logical relationship" test.

Even though Smith's common law unconscionability counterclaim is compulsory, because common law unconscionability only provides an equitable relief, Smith is

---

[5] Smith's counterclaim for unconscionability failed to specify whether it was a claim for common law unconscionability or statutory unconscionability under section 37-5-108 of the South Carolina Code (Supp. 2010). We analyze this issue under both and hold the Master was correct in finding Smith was not entitled to a jury trial under either version of the counterclaim.

not entitled to a jury trial on his counterclaim. Jurisdictions throughout the country agree that common law unconscionability is an equitable cause of action with corresponding relief that is only equitable in nature. *See Doe v. SexSearch.com*, 551 F.3d 414, 419 (6th Cir. 2008) ("At common law, unconscionability is a defense against enforcement, not a basis for recovering damages."); *Super Glue Corp. v. Avis Rent a Car Sys., Inc.*, 517 N.Y.S.2d 764, 766 (N.Y. App. Div. 1987) ("The doctrine of unconscionability is used as a shield, not a sword, and may not be used as a basis for affirmative recovery."); *see, e.g.,* Restatement (Second) of Contracts § 208 (1981) ("If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result."). Despite Smith's request for actual and punitive damages for unconscionability in the body of his pleadings, the primary relief sought is to have the mortgage declared void. Accordingly, Smith seeks relief from a jury that cannot be granted. *See Simpson v. MSA of Myrtle Beach*, 373 S.C. 14, 25, 644 S.E.2d 663, 669 (2007) ("In determining whether a contract was 'tainted by an absence of meaningful choice,' *courts* should take into account the nature of the injuries suffered by the plaintiff; whether the plaintiff is a substantial business concern; the relative disparity in the parties' bargaining power; the parties' relative sophistication; whether there is an element of surprise in the inclusion of the challenged clause; and the conspicuousness of the clause.") (emphasis added); *Mortgage Elec. Sys., Inc. v. White*, 384 S.C. 606, 615, 682 S.E.2d 498, 502 (Ct. App. 2009) ("Rescission is an equitable remedy that attempts to undo a contract from the beginning as if the contract had never existed."); *Loyola Fed. Sav. Bank v. Thomasson Props.*, 318 S.C. 92, 93, 456 S.E.2d 423, 424 (Ct. App. 1995) ("If the claim is equitable, there is no right to a jury trial."). Because the only remedies available for common law unconscionability are equitable, there is no right to a jury trial on this claim. *See Brown v. Greenwood Sch. Dist. 50 Bd. of Trs.*, 344 S.C. 522, 525, 544 S.E.2d 642, 643 (Ct. App. 2001) ("There is no right to a jury trial for equitable remedies such as rescission and restitution."). Accordingly, Smith's common law unconscionability counterclaim is not entitled to a jury trial.

**b) Statutory Unconscionability**

Applying the same "logical relationship" test, we find Smith's counterclaim for statutory unconscionability is also compulsory. In addition to arising out of the same transaction or occurrence as Wells Fargo's foreclosure action, Smith's counterclaim bears a "logical relationship" to the enforceability of the Note and

Mortgage. Accordingly, Smith's statutory unconscionability counterclaim is compulsory under the "logical relationship" test.

Although the statutory unconscionability counterclaim is compulsory, section 37-5-108 of the South Carolina Code (Supp. 2010) requires the determination of whether an agreement is unconscionable to be a matter of law for the court. *See Tilley v. Pacesetter Corp.*, 333 S.C. 33, 38, 508 S.E.2d 16, 18 (1998) ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning."). In section 37-5-108, the General Assembly explicitly chose the use of the term "court" to unequivocally demonstrate that the matter is not to be resolved by a jury, but by the court. *See* § 37-5-108(1) ("[I]f the *court* as a matter of law finds . . . the agreement or transaction to have been unconscionable . . . the *court* may refuse to enforce the agreement.") (emphasis added); *see also* § 37-5-108(3) ("If it is claimed or appears to the *court* that the agreement or transaction or any term or part thereof may be unconscionable . . . the parties shall be afforded a reasonable opportunity to present evidence . . . to aid the *court* in making the determination.") (emphasis added). Therefore, section 37-5-108 does not provide a right to a jury trial for a statutory unconscionability cause of action. Accordingly, we affirm the Master's decision to strike Smith's request for a jury trial on his unconscionability counterclaim.

## 2. Violation of the Attorney Preference Statute

To determine whether Smith is entitled to a jury trial on his allegation that Wells Fargo violated the Attorney Preference statute, we again must determine if this counterclaim is both legal and compulsory. *See C & S Real Estate Servs., Inc.*, 290 S.C. at 302, 350 S.E.2d at 193. We conclude Smith's counterclaim is permissive because a violation of the Attorney Preference statute would not affect the enforceability of the Note and Mortgage.

Section 37-10-102(a) of the South Carolina Code (Supp. 2010) provides, in pertinent part:

> Whenever the primary purpose of a loan that is secured in whole or in part by a lien on real estate is for a personal, family or household purpose . . . [t]he creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to

represent the debtor in all matters of the transaction
relating to the closing of the transaction . . . .

The complaint alleges that to secure payment of this Note, Smith gave Wells Fargo a real estate Mortgage covering his real estate property as well as a mobile home. As a result, Smith was entitled to choose an attorney of his preference for the closing of the transaction pursuant to section 37-10-102(a). A violation of the Attorney Preference statute is enforced by section 37-10-105(A) of the South Carolina Code (Supp. 2010). The enforcement provision of the Attorney Preference statute provides, in pertinent part:

> If a creditor violates a provision of this chapter, the debtor has a cause of action . . . to recover actual damages and also a right in an action . . . to recover from the person violating this chapter a penalty in an amount determined by the court of not less than one thousand five hundred dollars and not more than seven thousand five hundred dollars.

S.C. Code Ann. § 37-10-105(A) (Supp. 2010). A review of this statute demonstrates Smith's counterclaim has no "logical relationship" to the enforceability of the Note and Mortgage. Moreover, even if a violation of the statute occurred, Smith would only be entitled to actual damages and a possible penalty between $1,500 to $7,500. The statute, however, does not permit rescission of the Note and Mortgage for its violation. *See* § 37-10-105(A). As Smith's counterclaim bears no "logical relationship" to the enforceability of the Note and Mortgage, we conclude Smith's counterclaim is permissive. Therefore, Smith waived his right to a jury trial by asserting it in the foreclosure action. *See N.C. Fed. Sav. & Loan Ass'n*, 294 S.C. at 30, 362 S.E.2d at 310 ("[W]here a defendant in an action begun in equity asserts a permissive counterclaim that is legal in nature, the defendant is deemed to have waived the right to a jury trial on the issues raised by the counterclaim."). Accordingly, we affirm the Master's decision to strike Smith's request for a jury trial on his counterclaim for a violation of the Attorney Preference statute.

**C. Scope of Motion to Strike Jury Demand**

Smith contends the Master exceeded the scope of Wells Fargo's motion to strike by making findings of fact and conclusions of law based on documents and information not in evidence. We agree.

A reversal is required when the trial court's ruling exceeds the limits and scope of the particular motion before it. *Skinner v. Skinner*, 257 S.C. 544, 549-50, 186 S.E.2d 523, 526 (1972).

After a brief non-evidentiary motion hearing, the Master requested Smith submit authority to support his assertion he was entitled to a jury trial. A review of the Master's order demonstrates his ruling went beyond the permissible scope of Wells Fargo's motion. The order granting Wells Fargo's motion to strike had the effect of granting judgment and making findings of fact based on information not admitted or decided by the pleadings. In short, the Master's order on the motion to strike the jury demand makes findings of fact and rules that a cause of action is meritless without evidentiary support, constituting an abuse of discretion.[6] *See Edwards v. Edwards*, 384 S.C. 179, 183, 682 S.E.2d 37, 39 (Ct. App. 2009) ("The [trial] court abuses its discretion when factual findings are without evidentiary support or a ruling is based upon an error of law."). We conclude these impermissible findings of fact and conclusions of law are prejudicial to Smith, thus warranting reversal. *See Watts v. Bell Oil Co. of Ocean Drive, Inc.*, 266 S.C. 61, 63, 221 S.E.2d 529, 530 (1976) (holding a trial court will only be reversed when the record shows not only error but also prejudice).

**CONCLUSION**

In summary, the Master had subject matter jurisdiction to rule on Wells Fargo's motion to strike the jury demand. Additionally, the Master's ruling on Smith's unconscionability and attorney preference statute counterclaims is affirmed. The Master's order, to the extent that it details specific findings of fact and conclusions of law, is reversed and the case remanded to the Master for a bench trial on the merits of all causes of action alleged.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**GEATHERS and LOCKEMY, JJ., concur.**

---

[6] The Master made certain findings of fact that go to the substance and merits of Smith's claims and well beyond the scope of the motion to strike, including: "Smith's counterclaim has no merit," and "[b]ecause Smith would not be entitled to relief as against Wells Fargo on his counterclaim, it can hardly be said he would be entitled to a jury trial on it."