**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

City of Conway, Respondent,

v.

Gerald Builders of Conway, Inc., Appellant.

Appellate Case No. 2011-186546

Appeal From Horry County
Ralph P. Stroman, Special Referee

Unpublished Opinion No. 2013-UP-128
Heard March 5, 2013 – Filed March 27, 2013

**AFFIRMED**

John Reuben Long, II, of Thompson & Henry, PA, of Conway, for Appellant.

Joseph F. Singleton and Kathryn Harper Sligh, both of Singleton Burroughs & Young, PA, of Conway, for Respondent.

**PER CURIAM:** In this case arising from a settlement agreement concerning land rezoning, Gerald Builders of Conway, Inc. (Gerald Builders) appeals, arguing the Special Referee erred in: (1) concluding the 2006 Settlement Agreement was unambiguous and enforceable; (2) deciding any other issues when the sole issue referred to him was the interpretation of the 1998 Development Agreement; and (3) awarding Conway a judgment from a land sale. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the enforceability of the settlement agreement: *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts."); *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 541 (Ct. App. 2008) ("An action to construe a contract is an action at law."); *Townes Assocs. Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Silver*, 376 S.C. at 590, 658 S.E.2d at 542 (providing this court is free to decide questions of law with no particular deference to the trial court); *Kumar v. Third Generation, Inc.*, 324 S.C. 284, 289-90, 485 S.E.2d 626, 629 (Ct. App. 1995) ("A trial court has inherent jurisdiction to enforce settlement agreements entered before it."); Rule 43(k), SCRCP ("No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel."); *Reed v. Associated Invs. of Edisto Island, Inc.*, 339 S.C. 148, 152, 528 S.E.2d 94, 96 (Ct. App. 2000) (applying Rule 43(k), SCRCP to settlement agreements); *Ashfort Corp. v. Palmetto Constr. Group, Inc.*, 318 S.C. 492, 495, 458 S.E.2d 533, 535 (1995) ("[T]he order or written stipulation must set forth the terms of the settlement to comply with Rule 43(k)."); *Pee Dee Stores*, 381 S.C. at 241-42, 672 S.E.2d at 803 ("General contract principles are applied in the construction of a settlement agreement because . . . a settlement agreement is a contract."); *M & M Group, Inc. v. Holmes*, 379 S.C. 468, 476, 666 S.E.2d 262, 266 (Ct. App. 2008) ("To discover the intention of a contract, the court must first look to its language – if the language is perfectly plain and capable of legal construction, it alone determines the document's force and effect.") (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 498, 649 S.E.2d 494, 501 (Ct. App. 2007))); *M & M Group*, 379 S.C. at 476, 666 S.E.2d at 266 ("If practical, documents will be interpreted to give effect to all of their provisions."); *id.* ("The primary test of a

contract's character is 'the intention of the parties, such intention to be gathered from the whole scope and effect of the language used.'") (quoting *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 147, 538 S.E.2d 672, 675 (Ct. App. 2000))); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 94, 594 S.E.2d 485, 493 (Ct. App. 2004) ("In ascertaining intent, the court will strive to discover the situation of the parties, along with their purposes at the time the contract was entered."); *M & M Group*, 379 S.C. at 476-77, 666 S.E.2d at 266 ("Parties are governed by their outward expressions and the court is not free to consider their secret intentions."); *Bonaparte v. Floyd*, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987) (holding the appellants bear the burden of providing a record on appeal sufficient for intelligent review, and in the absence of such a record, an issue cannot be considered on appeal); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

2.      As to the Special Referee's jurisdiction to hear the issues:  Rule 53(c), SCRCP ("Once referred, the master or special referee shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter."); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); *Wells Fargo Bank, NA v. Smith*, 398 S.C. 487, 492, 730 S.E.2d 328, 331 (Ct. App. 2012) ("Pursuant to Rule 53, SCRCP, a [special referee] has no power or authority except that which is given to him by an order of reference."); *id.* ("When a case is referred to a [special referee] under Rule 53, the [special referee] is given the power to conduct hearings in the same manner as the circuit court unless the order of reference specifies or limits the [special referee's] powers.").

3.      As to Gerald Builders' arguments concerning public policy and constitutional violations, specific performance, and the award of sale proceeds: *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

**AFFIRMED.**

**HUFF, SHORT, and PIEPER, JJ., concur.**