19989

Nina BROWN et al., Plaintiffs-Respondents, v. COASTAL STATES LIFE INSURANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. Nina BROWN and Donald Padgett, a minor under the age of fourteen years, by his guardian ad litem, Plaintiffs-Respondents, v. COASTAL STATES LIFE INSURANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. Nina BROWN and Mae Leta Collins, Plaintiffs-Respondents, v. COASTAL STATES LIFE INSUR-ANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. Nina BROWN and Elaine Brown, a minor under the age of fourteen years, by her guardian at litem, Plaintiffs-Respondents, v. COASTAL STATES LIFE INSURANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. Nina BROWN et al., Plaintiffs-Respondents, v. COASTAL STATES LIFE INSURANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. Nina BROWN et al., Plaintiffs-Respondents, v. COASTAL STATES LIFE INSURANCE COMPANY and the South Atlantic Life Insurance Company, Defendants, of which Coastal States Life Insurance Company is the Appellant. (Six cases)

(213 S. E. (2d) 726)

*Messrs. McKay, Sherrill, Walker, Townsend & Wilkins,* of Columbia, *for Appellant,*

*Robert A. Bullock, Esq.,* of Columbia, *for Respondent.*

April 8, 1975.

LITTLEJOHN, Justice:

The plaintiffs-respondents initiated these six actions alleging "conspiracy to defraud" and "fraudulent breach or fraudulent lapse of insurance policy or policies" on the part of the defendants, Coastal States Life Insurance Company and the South Atlantic Life Insurance Company. In each case the plaintiffs are seeking $15,000.00 actual and punitive damages.

The lower court struck from the Answers of Coastal allegations of facts which occurred after the action was commened. Coastal has appealed.

The actions were commenced on October 17, 1968, by service of Summonses only (as permitted by our Code) upon the Chief Insurance Commissioner of South Carolina.

The Summonses were filed in the office of the Clerk of Court for Richland County on October 24, 1968. The Complaints were not served until August 27, 1969.

The Complaints allege that the defendants wrongfully, illegally and fraudulently cancelled or lapsed their policies and did not give to them credit for premiums paid for the period from February 12, 1968 to the commencement of the action on October 17, 1968. The Complaints further allege that agents of the two defendant companies wrongfully, illegally and fraudulently represented to Plaintiffs that their policies had been cancelled and that they would have to take other policies from South Atlantic as a substitute for Coastal's policies which they held, all to their damage.

The Answers of Coastal set forth a general denial, and further alleged as a defense that plaintiffs sustained no damages as a result of the facts alleged in the Complaints for the reason that said policies were unconditionally reinstated on October 23, 1968, and that plaintiffs' attorney was advised of said reinstatement by letter from the defendants' attorney dated October 25, 1968. The Answers further allege that the premiums due November 4, 1968 on the policies for the period from October 28 to November 4, 1968, were not paid, and, after the statutory period of grace, the policies went out of benefit and lapsed according to their terms on November 25, 1968. The Answers incorporated by annexation four letters from Coastal's attorney to the attorney for the plaintiffs: (1) letter dated October 25, 1968, advising that the policies had been reinstated as of October 23, 1968; (2) letter of November 1, 1968, advising that the premiums would be due on November 4, and advising that a representative of Coastal would call for the premiums at a location to be designated by the plaintiffs; (3) letter of November 19, 1968, advising that November 24 was the last day of the grace period, and advising that the policies could be kept continuously in force; and (4) letter of December 6, 1968, advising that the policies went out of benefit on November 25 because of failure to pay premiums. It is further alleged that plaintiffs' damages, if any, arising out of the final termination of the policies upon which the Complaints are based, were caused by failure of the plaintiffs to resume payment of premiums so as to continue the protection provided in the policies.

Counsel for the plaintiffs moved to strike from Coastal's Answers allegations referring to reinstatement of the policies in question which took place after the service of the Summonses, but before the Complaints were served, and to strike from the Answers the four letters, annexed to the Answers, relative to the reinstatement.

The lower court, in granting the motion, held that the rights and liabilities of the parties depended upon the facts

as they existed at the time of the commencement of the action, and not at the time of the trial. It is from his Order that Coastal has appealed.

We think the motion should have been denied. While it is true that the rights of the parties to an action are normally determined as of the time of the commencement of the action and not at the time of the trial, Code Section 10-610 allows either party to supplement pleadings with allegations of facts occurring after the action was commenced, if the allegations are relevant and material to some issue in the case.

The real test is not merely whether the facts occurred after the commencement of the action, but whether, in the interest of justice, the alleged facts are determined to be relevant and material to the defense.

Although the case at bar does not technically involve supplemental pleadings, the reason for allowing supplemental pleadings of relevant and material facts is present here. Had the Complaints been served along with the Summonses it would have been in order for Coastal to have moved under Section 10-610 for permission to plead these matters which occurred after the commencement of the action. As it developed, the Complaints were not served until almost a year after the facts which appellants seek to plead occurred. The motion should have been considered as though it were an application under Section 10-610 to allow a supplemental pleading.

Coastal submits that the matters stricken are material and relevant on four issues: First, whether a cause of action exists; Second, the amount of damages and mitigation; Third, the question of fraudulent intent; and Fourth, whether punitive damages should be assessed.

The matter of striking from a pleading, and the matter of admissibility of evidence is largely within the discretion of the trial judge. The granting or refusal

of a Motion to Strike or to file a supplemental pleading will not be reversed except for an abuse of discretion or unless the action of the trial judge was controlled by an error of law. *Simonds v. Simonds*, 232 S. C. 185, 101 S. E. (2d) 494 (1958). A reading of the order of the lower court convinces us that the Motion to Strike was granted as a result of an error of law. In the trial of a case the judge can determine better, than can this Court, what evidence should be admitted. We cannot say that the facts stricken are not relevant and material, and accordingly, the order of the lower court is

Reversed.

Moss, C. J., and NESS, J., concur.

LEWIS and BUSSEY, JJ., concur in part.

BUSSEY, Justice (concurring in part) :

To a quite limited extent I agree in the result of the opinion of Mr. Justice Littlejohn. The opinion concedes that the case at bar does not, strictly speaking, involve supplemental pleadings, and I am not at all convinced that the factual matters stricken are such as were contemplated by code section 10-610 permitting supplemental pleading.

In my opinion the stricken factual matters had no relevance whatever to any issue in the case save possibly mitigation of actual damages sustained by plaintiffs. Under the decision of this Court in *Latimer v. York Cotton Mills*, 66 S. C. 135, 44 S. E. 559, a defendant is apparently required to plead factual matters which tend to mitigate actual damages sustained by a plaintiff. Since there was a great delay on the part of the plaintiff in serving the complaint, justice requires that the defendant be allowed to allege and prove, if it can, facts occurring after the service of the summons which tend to mitigate the actual damages sustained. I agree that the determination of what evidence, if any, should be admitted under the particular allegations is for the trial judge, and if any is admitted he should instruct the jury

that it is relevant only on the issue of mitigation of actual damages.

Lewis, J., concurs.