682 S.E.2d 495

Phyllis Marie **ROBINSON**, Appellant,

v.

Merle F. **CODE**, Respondent.

Odell Haggins, Jr., as Personal Representative of the Estate of Odell Haggins, Sr., Appellant,

v.

Merle F. Code, Respondent.

Phyllis Marie Robinson, as Personal Representative of the Estate of Rodell Dante Haggins, Appellant,

v.

Merle F. Code, Respondent.

No. 4564.

Court of Appeals of South Carolina.

Heard April 21, 2009.

Decided June 12, 2009.

David K. Haller, of Columbia, and Carl L. Solomon, of Charleston, for Appellants.

Douglas F. Patrick and T.S. Stern, Jr., of Greenville, for Respondent.

SHORT, J.

Odell Haggins, Jr., as personal representative of the Estate of Odell Haggins, Sr., and Phyllis Robinson, individually and as personal representative of the Estate of Rodell Haggins, (collectively, Appellants), appeal from the circuit court's order, arguing the court erred in finding the failure to install smoke detectors in a rental home was not actionable under the South Carolina Residential Landlord and Tenant Act (Landlord–Tenant Act), and notice was an element of a landlord's liability for failing to maintain rental premises. We affirm.

## FACTS

Odell Haggins, Sr. rented a house located in Seneca, South Carolina. The house was owned by Merle Code. In the morning hours of February 25, 2004, while Odell Haggins, Sr., Rodell Haggins, and Phyllis Robinson were sleeping in the house, an upholstered chair in the living room caught fire. The home did not have smoke detectors. When firefighters responded to the fire, they found the bodies of Odell and Rodell, who both died from carbon monoxide poisoning and

smoke inhalation. Robinson was found alive, but overcome by smoke.

Robinson filed two complaints against Code, one on behalf of herself and one as the personal representative of the estate of Rodell Haggins. Haggins, Jr. also filed a complaint against Code as the personal representative of the estate of Odell Haggins, Sr. The complaints alleged Code was negligent for failing to supply and install smoke detectors in the rental house. Code filed a motion to strike the allegations concerning the smoke detectors, and after a hearing, the circuit court issued its order granting Code's motion to strike all allegations concerning the smoke detectors. This appeal followed.

## STANDARD OF REVIEW

A motion to strike, challenging a theory of recovery in the complaint, is comparable to a motion to dismiss under Rule 12(b)(6), SCRCP. *McCormick v. England,* 328 S.C. 627, 632, 494 S.E.2d 431, 433 (Ct.App.1997). "Where a pleading is attacked for an alleged failure to state a cause of action, the pleading must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn therefrom entitle the pleader to relief on any theory of the case." *Burns v. Wannamaker,* 286 S.C. 336, 339, 333 S.E.2d 358, 360 (Ct.App.1985). A court should not strike a cause of action merely because the court doubts the plaintiff will prevail in the action. *McCormick,* at 633, 494 S.E.2d at 434. However, the matter of striking from a pleading is largely within the discretion of the trial judge. *Brown v. Coastal States Life Ins. Co.,* 264 S.C. 190, 194, 213 S.E.2d 726, 728 (1975). Thus, the grant of a motion to strike will not be reversed except for an abuse of discretion or error of law. *Id.* at 194–95, 213 S.E.2d at 728.

## LAW/ANALYSIS

Appellants argue the circuit court erred in finding Code's failure to install smoke detectors in Haggins's rental home was not actionable under the Landlord–Tenant Act, and notice was an element of a landlord's liability for failing to maintain rental premises. We disagree.

"Traditionally, under the law of South Carolina, a landlord owes no duty to maintain leased premises in a safe condition." *Young v. Morrisey,* 285 S.C. 236, 239, 329 S.E.2d 426, 428 (1985). However, the Landlord–Tenant Act,[1] enacted in 1986, requires a landlord to comply with applicable housing codes materially affecting health and safety, and "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." S.C.Code Ann. § 27–40–440(a)(1) and (2) (2007). The Landlord–Tenant Act provides for recovery of actual damages as a result of any material noncompliance by the landlord. S.C.Code Ann. § 27–40–610(a) and (b) (2007). The Landlord–Tenant Act mentions the delivery of "a written notice to the landlord specifying the acts and omissions constituting the breach." S.C.Code Ann. § 2740–610(a) (2007). Also, the Landlord–Tenant Act provides a tenant's rights "do not arise until he has given notice to the landlord and the landlord fails to act within a reasonable time." S.C.Code Ann. § 27–40–630(d) (2007). As a result, this court has held the Landlord–Tenant Act creates a cause of action for a tenant of residential property against the landlord, "for failure, after notice, to make necessary repairs and to do what is reasonably necessary to keep the premises in a habitable condition." *Watson v. Sellers,* 299 S.C. 426, 433, 385 S.E.2d 369, 373 (Ct.App.1989). The Landlord–Tenant Act does not specifically mandate landlords must provide smoke detectors in their rental properties.

Article 11 of Building Codes and Fire Prevention,[2] enacted in 1994, however, requires all one-family dwellings to be equipped with smoke detectors. S.C.Code Ann. § 5–25–1310(A) (2004). Article 11 mandates the owner of a rental dwelling is responsible for supplying and installing smoke detectors in the home, and must provide the tenant with instructions for testing and replacing the batteries in the smoke detectors. S.C.Code Ann. § 5–25–1330(A) (2004). The Article further states a tenant must notify the owner in writing of any deficiencies in the smoke detectors. S.C.Code Ann. § 5–25–1330(B) (2004). However, Article 11 provides, "[f]ailure to comply with the provisions of this article does not

1. S.C.Code Ann. § 27–40–10 to 940 (2007).

2. S.C.Code Ann. § 5–25–1310 to 1380 (2004).

create a cause of action for a per se statutory violation of liability, or for negligence-based liability, for death, injury, or damages." S.C.Code Ann. § 5–25–1380 (2004).

■ Appellants' complaints alleged, in pertinent part, that Code was negligent for:

(a) Failing to install smoke detectors in the dwelling;

(b) Failing to supply smoke detectors in the dwelling;

(c) Failing to provide instructions on the use of smoke detectors at the same time the tenant took possession of the building; and

(d) Failing to comply with the requirements of applicable building codes in effect materially effecting [sic] the property.

The complaints did not state which South Carolina code sections the Appellants claimed Code violated.[3] Code filed a motion to strike pursuant to Rule 12(f), SCRCP. "In ruling on such a motion, a Court decides whether a party should be allowed to plead a defense or other matter, not whether there are facts supporting what has been pleaded." *Alladin Plastics, Inc. v. Wintenna, Inc.*, 301 S.C. 90, 93, 390 S.E.2d 370, 372 (Ct.App.1990).

Code moved to strike all allegations pertaining to smoke detectors on the basis that Article 11 does not create a cause of action for failure to install smoke detectors. Article 11 specifically provides that failure of a landlord to supply or install smoke detectors does not create a cause of action for a per se statutory violation of liability, or for negligence-based liability, for death, injury, or damages. S.C.Code Ann. § 5–25–1380 (2004). Also, Appellants did not allege they notified Code of the lack of smoke detectors in the home, as required by the Article. S.C.Code Ann. § 5–25–1330(B) (2004).

In response to Code's motion to strike, Appellants asserted they did not allege a cause of action under Article 11, but rather under the Landlord–Tenant Act. But, the Landlord–

---

3. Although Appellants did not state which South Carolina code sections their complaints were based on, it appears from the allegations that Appellants were alleging Code violated South Carolina Code sections 5–25–1310(A) and 5–25–1330(A). S.C.Code Ann. §§ 5–25–1310(A) and 1330(A) (2004).

Tenant Act, which preceded Article 11 by eight years, does not specifically state landlords must provide smoke detectors in their rental properties. This court has found the Landlord–Tenant Act requires written notice to the landlord specifying the acts and omissions constituting the breach and failure of the landlord to make the necessary repairs after notice. *Watson*, 299 S.C. at 433, 385 S.E.2d at 373. Appellants' complaints do not allege that Haggins, Sr., notified Code of the lack of smoke detectors in the residence or that Code failed to correct the problem after notice. Therefore, the trial court was correct in granting Code's motion because the complaints did not allege violations of the Landlord–Tenant Act, and Article 11 does not provide for a negligence cause of action.

## CONCLUSION

Accordingly, the trial court's order is

**AFFIRMED.**

THOMAS and GEATHERS, JJ., concur.