THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Marie
 Assa'ad-Faltas, M.D., M.P.H, Appellant,
 v.
 Randall Gregory
 Drye, M.D., Respondent.
 
 
 

Appeal From Lexington County
James E. Lockemy, Circuit Court Judge
James W. Johnson, Jr., Circuit Court Judge
Unpublished Opinion No.  2011-UP-033
Submitted January 1, 2011  Filed January
 26, 2011
AFFIRMED

 
 
 
 Marie Assa'ad-Faltas, pro se, of Columbia, for Appellant.
 Robert Charles Brown, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marie Assa'ad-Faltas (Faltas) appeals
 from the circuit court's orders granting Randall Gregory Drye's motion to
 change venue, and granting in part Drye's motion to strike and motion to
 dismiss.  Faltas argues the circuit court erred in: (1) transferring venue from
 Richland County to Lexington County; (2) striking several parts of Faltas's complaint;
 and (3) dismissing multiple causes of action in Faltas's complaint.  We affirm.[1]  
I.  Motion
 to change venue[2]
Faltas
 argues an evaluation of the historical evidence proves jury trials are required
 to be held in the plaintiff's county of residence.  Additionally, Faltas
 maintains the venue statute as applied in her case is unconstitutional.  We
 disagree.    
"A
 motion for a change of venue is addressed to the sound discretion of the trial
 judge and will not be disturbed absent an abuse of discretion."  Holroyd
 v. Requa, 361 S.C. 43, 65, 603 S.E.2d 417, 428 (Ct. App. 2004).  "A
 defendant's right to be tried in the county of its residence is a substantial
 right."  Whaley v. CSX Transp., Inc., 362 S.C. 456, 468, 609 S.E.2d
 286, 292 (2005). "When the facts concerning a defendant's residence are
 uncontradicted, the trial court must, as a matter of law, change venue to the
 county where the defendant resides."  Id.  
In
 the case at bar, Drye established he was a citizen and resident of Lexington
 County.  Accordingly, the circuit court did not abuse its discretion in
 granting Drye's motion to change venue to Lexington County.       Additionally,
 we decline to accept Faltas's contention that the venue statute is
 unconstitutional.  First, Faltas's claim arguing an inability to obtain a
 racially-neutral jury pursuant to J.E.B. v. Alabama, 511 U.S. 127 (1994)
 is not ripe for review because she had not yet engaged in the process of jury
 selection at the time of appeal.  See McClanahan v. Richland County
 Council, 350 S.C. 433, 441, 567 S.E.2d 240, 244 (2002) ("A justiciable
 controversy is a real and substantial controversy which is ripe and appropriate
 for judicial determination, as distinguished from a contingent, hypothetical or
 abstract dispute.") (quotation marks and citation omitted). Second, although Tennessee v. Lane, 541 U.S. 509 (2004) mandates fundamental access to
 the courts for individuals with disabilities, we reject the notion that "the
 higher risk of traffic accidents during longer travel" suffered by Faltas
 qualifies as a disability requiring remedial action.  Accordingly, the venue
 statute is constitutional as applied in Faltas's case.                        
II.  Motion
 to strike
Faltas argues the circuit court erred in striking four
 separate causes of action alleged in her complaint: (1) a violation of 42
 U.S.C. § 1981; (2) invasion of privacy; (3) engaging in a conspiracy to defame
 Faltas; and (4) a violation of the Racketeer Influenced and Corrupt
 Organizations (RICO) act.  We disagree.
"A motion to strike, challenging a theory of
 recovery in the complaint, is comparable to a motion to dismiss under Rule
 12(b)(6), SCRCP."  Robinson v. Code, 384 S.C. 582, 585, 682 S.E.2d
 495, 496 (Ct. App. 2009).  "Where a pleading is attacked for an alleged
 failure to state a cause of action, the pleading must be liberally construed in
 favor of the pleader and sustained if the facts and reasonable inferences to be
 drawn therefrom entitle the pleader to relief on any theory of the case."  Id.  "A court should not strike a cause of action merely because
 the court doubts the plaintiff will prevail in the action."  Id. 
 "However, the matter of striking from a pleading is largely within the
 discretion of the trial judge [and] . . . will not be reversed except for an abuse
 of discretion or error of law."  Id.  (citations omitted).      
1.  Violation of 42 U.S.C. §
 1981
We hold the circuit
 court correctly struck out the parts of Faltas's complaint related to 42 U.S.C.
 § 1981.  Here, Faltas did not plead any facts establishing that Drye had any
 intent to discriminate against her based on race or the existence of a contract
 between her and Drye.  See Eddy v. Waffle House, Inc., 335
 F.Supp.2d 693, 696 (D.S.C. 2004) ("[T]o prevail under a § 1981 claim a
 plaintiff must prove that: (1) he or she is a member of a racial minority; (2)
 the defendant had an intent to discriminate on the basis of race; and (3) the
 discrimination concerned one or more of the activities enumerated in the
 statute; in this case, the making and enforcing of a contract.")
 (quotation marks and citations omitted).   
2.  Invasion
 of privacy
We hold the circuit
 court correctly struck out the portions of Faltas's complaint related to an
 invasion of privacy.  See Snakenberg v. Hartford Cas. Ins. Co., Inc.,
 299 S.C. 164, 170, 383 S.E.2d 2, 5 (Ct. App. 1989) ("In South Carolina,
 three separate and distinct causes of action can arise under the rubric of
 invasion of privacy: (1) wrongful appropriation of personality; (2) wrongful
 publicizing of private affairs; and (3) wrongful intrusion into private
 affairs.").  In the case at bar, Faltas did not allege Drye had wrongfully
 appropriated her personality when he made his complaint to the Virginia medical
 licensing board.  See id. at 170, 383 S.E.2d at 5-6 ("Wrongful
 appropriation of personality involves the intentional, unconsented use of the
 plaintiff's name, likeness, or identity by the defendant for his own benefit.
 The gist of the action is the violation of the plaintiff's exclusive right at
 common law to publicize and profit from his name, likeness, and other aspects
 of personal identity.").  
Regarding
 the other possible causes of action for invasion of privacy, Faltas did not
 plead any facts in her complaint to demonstrate Drye wrongfully publicized or
 intruded into her private affairs.  Drye's allegations regarding Faltas's
 qualifications for a medical license are not private because the information
 became a matter of public record after Faltas testified at Drye's trial as a
 medical expert.  See id. at 170-71, 383 S.E.2d at 6 ("Wrongful
 publicizing of private affairs involves a public disclosure of private facts
 about the plaintiff."); Id. at 171-72, 383 S.E.2d at 6 (holding the
 elements of a wrongful intrusion into private affairs are:  (1) an intrusion;
 (2) into that which is private; (3) which is substantial and unreasonable
 enough to be legally cognizable; and (4) the intrusion must be intentional).   
3.  Civil
 Conspiracy
We hold the circuit
 court correctly struck out the portions of Faltas's complaint related to a
 civil conspiracy.  Faltas did not plead any additional acts in furtherance of
 the conspiracy separate from Drye's alleged wrongful act in filing a complaint
 with the Virginia medical licensing board.  See Hackworth v. Greywood
 at Hammett, LLC, 385 S.C. 110, 115-16, 682 S.E.2d 871, 875 (Ct. App. 2009)
 ("In a civil conspiracy claim, one must plead additional acts in
 furtherance of the conspiracy separate and independent from other wrongful acts
 alleged in the complaint, and the failure to properly plead such acts will
 merit the dismissal of the claim.").  Additionally, Faltas did not
 specifically pray for special damages as a part of her civil conspiracy claim.  See id. at 117, 682 S.E.2d at 875 ("If a plaintiff merely
 repeats the damages from another claim instead of specifically listing special
 damages as part of their civil conspiracy claim, their conspiracy claim should
 be dismissed.").                
4.  Violation
 of RICO
We hold the circuit
 court correctly struck out the portions of Faltas's complaint related to a
 violation of RICO.  Faltas did not allege Drye committed two or more acts which
 established a pattern of racketeering activity.  See Gentry v. Yonce,
 337 S.C. 1, 6 n.3, 522 S.E.2d 137, 139 n.3 (1999) (holding appellants are required
 to establish the commission of two or more predicate acts constituting a
 pattern of racketeering activity in order to establish a RICO violation)
 (quotation marks omitted).  
III.  Motion to Dismiss
"In
 deciding whether the circuit court properly granted the motion to dismiss under
 Rule 12(b)(6), SCRCP, this court must consider whether the complaint, when
 viewed in the light most favorable to the plaintiff, states any valid claim for
 relief."  Slack v. James, 356 S.C. 479, 481, 589 S.E.2d 772, 773 (Ct.
 App. 2003).  "A motion to dismiss should not be granted if facts alleged
 and inferences reasonably deducible therefrom would entitle the plaintiff to
 any relief on any theory of the case."  Id. at 481, 589 S.E.2d at
 773-74 (quotation marks omitted).  
Faltas
 argues the circuit court erred in dismissing the remaining claims in her
 complaint that survived the circuit's court's granting of Drye's motion to
 strike for (1) intentional infliction of emotional distress (IIED) and (2)
 tortuous interference with a contract.  We disagree.
1.  IIED
We
 hold the circuit court correctly dismissed Faltas's cause of action for IIED. 
 Faltas did not plead any allegations in her complaint establishing extreme and
 outrageous conduct because Drye's actions in filing a complaint with the
 Virginia medical licensing board do not constitute conduct so extreme and
 outrageous to exceed all possible bounds of decency.  See Bergstrom
 v. Palmetto Health Alliance, 358 S.C. 388, 401, 596 S.E.2d 42, 48 (2004)
 (stating a plaintiff must show the conduct was so extreme and outrageous as to
 exceed all possible bounds of decency and must be regarded as atrocious and
 utterly intolerable in a civilized community in order to establish a claim for
 intentional infliction of emotional distress); Hainer v. Am. Med. Int'l,
 Inc., 320 S.C. 316, 324, 465 S.E.2d 112, 117 (Ct. App. 1995) ("[T]he
 mere reporting of an individual to a licensing board, as mandated by the [s]tate,
 is not conduct so extreme and outrageous that no reasonable person could be
 expected to endure it.") (quotation marks omitted).     
2.  Tortious interference with
 a contract
We
 hold the circuit court correctly dismissed Faltas's cause of action for tortious
 interference with a contract.  Faltas did not allege any facts in her complaint
 about the existence of a contract between her and a third party.  See Vortex
 Sports & Entm't, Inc. v. Ware, 378 S.C. 197, 205, 662 S.E.2d 444, 449 (2008)
 ("The elements of a cause of action for tortious interference with
 contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge
 thereof; (3) his intentional procurement of its breach; (4) the absence of
 justification; and (5) resulting damages.").  Accordingly, the circuit
 court did not err in granting in part Drye's motion to dismiss.    

AFFIRMED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR. 
[2]  This court may consider the order changing venue in
 the present case.  Ordinarily, an order changing venue is not immediately
 appealable.  Breland v. Love Chevrolet Olds, Inc., 339 S.C. 89, 93-94,
 529 S.E.2d 11, 13-14 (2000).  However, an appellate court may consider orders
 that are not directly appealable when there are appealable issues before the
 court and a ruling on appeal will avoid unnecessary litigation.  Ferguson v.
 Charleston Lincoln Mercury, Inc., 349 S.C. 558, 565, 564 S.E.2d 94, 98
 (2002).  Here, Faltas appealed two other appealable orders concurrently with
 her appeal of the order changing venue.