THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Houston
 Enterprises, Inc., Respondent,
 v.
 Vision
 Investment & Development, LLC, Vision River Ridge, LLC, James R.
 Barfield, Dana R. Bradley, and Performance Holdings, Appellants.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.  2011-UP-184
 Submitted February 9, 2011  Filed April
25, 2011  

AFFIRMED

 
 
 
 Shawn M. French, of Mount Pleasant, for Appellants.
 W. Keith Martens, of Rock Hill, for Respondents.
 
 
 

PER CURIAM: We affirm the circuit court's order
 striking Appellants' answer for failure to comply with Rule 11, SCRCP, entering
 default judgment against Appellants, and denying Appellants' motion to dismiss
 for lack of personal jurisdiction.[1]
Houston Enterprises, Inc., filed this action on
 February 18, 2009, and served the summons and complaint on all Appellants by
 March 3, 2009.  Appellants retained Joel S. Wadsworth, a lawyer who is not
 licensed to practice law in South Carolina.  On March 27, 2009, Wadsworth requested
 an extension of time for Appellants to answer the complaint, citing Appellants'
 need to retain a South Carolina licensed attorney.  Houston's counsel consented to an extension of time through May 1, 2009. 
 On April 30, 2009, Wadsworth requested a second extension of time for
 Appellants to answer.  At the time of the second request, Wadsworth indicated
 that Appellants had retained a South Carolina licensed attorney in Horry
 County, but the South Carolina attorney was affected by recent wildfires in the
 area and needed another extension.  Houston consented
 to a second extension of time through May 8, 2009.  
On May 7, 2009,
 Wadsworth requested a third extension of time; however, Houston's counsel refused to consent to the third extension.  On May 8,
 2009, Wadsworth filed an answer on behalf of Appellants.  The answer was signed
 by Wadsworth, but was not signed by any attorney licensed to practice in South
 Carolina.  On May 21, 2009, Houston's counsel notified Appellants that he
 intended to move to strike the answer and affirmative defenses because the
 answer was not signed by South Carolina counsel.  Ten days later, on June 1,
 2009, counsel for Houston filed a motion to strike the answer and
 for default judgment against Appellants.  On June 11, 2009, ten days after
 Houston filed its motion to strike and more than thirty days after Appellants'
 last extension of time to answer had expired, Appellants filed a motion to
 dismiss for lack of personal jurisdiction.  
After a hearing
 on July 30, 2009, the circuit court granted Houston's motion to strike because
 Appellants' answer was not signed by an attorney licensed in South Carolina and
 violated Rule 11(a), SCRCP.[2]  Accordingly, the circuit court found
 that Appellants were in default because they "did not serve a proper
 answer or other responsive pleading within the time required by the South Carolina
 Rules of Civil Procedure," and entered a default judgment against
 Appellants.  The circuit court also denied Appellants' motion to dismiss for
 lack of personal jurisdiction because the motion was not timely filed.  The
 circuit court later denied Appellants' motion to reconsider.  
The standard of review for an
 appellate court reviewing an order that strikes a party's pleading is whether
 the circuit court abused its discretion.  Robinson v. Code, 384 S.C.
 582, 585, 682 S.E.2d 495, 496 (Ct. App. 2009).  The circuit court abuses its
 discretion only when the court's conclusion is controlled by an error of law or
 is without evidentiary support and results in prejudice to appellant's rights.  QZO, Inc. v. Moyer, 358 S.C. 246, 256, 594 S.E.2d 541, 546-47 (Ct. App.
 2004).
I. Rule 11(a), SCRCP
The circuit court properly
 struck Appellants' answer because the answer was not signed by a licensed South
 Carolina attorney in violation of Rule 11(a), SCRCP, and Appellants did not promptly remedy the omission.  
Rule 11(a) provides, 

 Every
 pleading, motion or other paper of a party represented by an attorney shall
 be signed in his individual name by at least one attorney of record who is
 an active member of the South Carolina Bar    . . . .  A party who is not
 represented by an attorney shall sign his pleading, motion or other paper and
 state his address. . . .  If a pleading, motion or other paper is not signed or
 does not comply with this Rule, it shall be stricken unless it is signed
 promptly after the omission is called to the attention of the pleader or
 movant.

Rule 11(a), SCRCP (emphasis added).  
Appellants' answer was signed
 only by Wadsworth, who was not licensed to practice law in South Carolina. 
 Consequently, the answer violated Rule 11(a), SCRCP.  Houston brought this omission to Appellants' attention by
 email correspondence to Wadsworth on May 21, 2009, and again by filing a motion
 to strike on June 1, 2009.  At the time of the hearing on July 30, 2009, Appellants
 had not taken any action to remedy this defect.  Moreover, Appellants' reasons
 given for requesting extensions of time to file an answer demonstrate they were
 aware of the requirement for South Carolina counsel.  Therefore, the circuit
 judge properly struck Appellants' answer as required by Rule 11(a), SCRCP.
II. Default
 Judgment
Appellants
 contend that the circuit court erred in entering default judgment after
 striking their answer, citing Rules 55(c) and 60(b), SCRCP.  However,
 Appellants never made a motion to the circuit court under either rule. 
 Therefore, the issue is not preserved for our review.  Hardaway Concrete Co.
 v. Hall Contracting Corp., 374 S.C. 216, 224, 647 S.E.2d 488, 492 (Ct. App.
 2007) (noting an issue must be raised to and ruled on by the trial court in
 order to be preserved for appellate review).   
Appellants also
 contend the circuit court erred in not granting their motion to dismiss for
 lack of personal jurisdiction.  Rule 12(b), SCRCP, requires such a defense to be
 asserted in the responsive pleading or by motion "before pleading if a
 further pleading is permitted."  Appellants did not file their motion to
 dismiss for lack of personal jurisdiction until June 11, 2009, ten days after
 Houston filed its motion to strike and more than thirty days after Appellants'
 last extension of time to answer had expired.  Therefore, the circuit court
 properly held that the motion to dismiss was untimely and refused to consider
 it.  
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The circuit court noted that "the second extension was technically not
 permitted by the South Carolina Rules of Civil Procedure."  See Rules 12 and 6(b), SCRCP.  However, he accepted
 the answer in terms of timeliness stating, "the court will accept that May
 8, 2009 was the extended deadline for the defendants to answer or otherwise
 plead in response to Houston's complaint."