725 S.E.2d 715

**WACHOVIA BANK NATIONAL ASSOCIATION, Successor By Merger to Wachovia Bank, N.A., Appellant,**

**v.**

**Arthur L. BEANE, Jr., and Virginia Beane, Respondents.**

**No. 4962.**

Court of Appeals of South Carolina.

Heard Nov. 4, 2010.

Decided April 4, 2012.

Rehearing Denied May 31, 2012.

John H. Tiller, of Charleston, for Appellant.

John F. Martin, of Charleston, for Respondents.

FEW, C.J.

Wachovia Bank National Association appeals from judgment entered on a jury verdict in favor of Arthur and Virginia Beane. Wachovia contends the trial court erred in denying its motion for a new trial absolute. We agree and reverse.

## I. Facts and Procedural History

In January 2002, the Beanes borrowed $370,473.41 from Wachovia to start a new business. As security for the loan, the Beanes pledged a securities account they held with Wachovia since 2000. In May 2003, after the Beanes defaulted on the note, Wachovia filed a complaint demanding payment of the entire outstanding balance on the loan, which at that time was $224,625.37.

Almost three years later, in March 2006, the Beanes sought to amend their answer to assert a counterclaim for negligent mismanagement of the securities account. In January 2007, Wachovia filed a motion for summary judgment as to the Beanes' obligation on the note. The master-in-equity heard both motions in August 2007. The master granted Wachovia's motion for summary judgment finding "no genuine issue as to any material fact that the debt is owed by the Beanes." However, the master found "a genuine question of fact as to the amount now due, owing and unpaid upon the Note" and set a damages hearing. The master granted the Beanes' motion to amend their answer "to the extent the Defendant seeks to establish the right to setoff of the amount owed under the Note."

The issues of damages due to Wachovia under the note and the Beanes' setoff claim were tried before the circuit court in December 2008. The Beanes' expert testified Wachovia's mismanagement of the securities account resulted in under-performance in the amount of $176,121.00. At the close of the Beanes' evidence, Wachovia made a motion for a directed verdict as to setoff. Wachovia argued the master's order allowing the Beanes to assert setoff limited their recovery to the amount due on the note and the only evidence of damages incurred by the Beanes was the testimony of $176,121.00 of underperformance. The trial court denied the motion.

The trial court submitted the Beanes' setoff claim to the jury. The court charged the jury that it may award only one form of relief—money damages. The charge and verdict form gave the jury two options: award the Beanes damages in a specific amount for Wachovia's alleged mismanagement of the securities account, or find no liability and award a verdict to Wachovia. Nevertheless, the jury awarded the Beanes three separate elements of relief: (1) money damages "in the amount of $198,395.17," (2) "plus all attorney fees," and (3) "any remaining amount on the Beanes' loan account forgiven."

Wachovia renewed the arguments it made for directed verdict in a motion for judgment notwithstanding the verdict. Wachovia also made motions for new trial absolute or, in the alternative, new trial nisi remittitur. The trial court denied Wachovia's motions.

## II. New Trial Absolute

■ Wachovia made a motion for a new trial absolute based on the jury's failure to follow the trial court's instructions. Specifically, Wachovia argued the jury's award of attorney's fees and forgiveness of the note was improper under the law, not supported by any evidence, and in direct contradiction of the jury charge. In Wachovia's motion for a new trial nisi remittitur it argues even the dollar amount of the verdict exceeds the amount of the recoverable loss testified to by the Beanes' own expert. We agree and hold the motion for a new trial absolute should have been granted.

■ "If the amount of the verdict is grossly inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute." *O'Neal v. Bowles,* 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993) (emphasis omitted); *Curtis v. Blake,* 392 S.C. 494, 500, 709 S.E.2d 79, 82 (Ct.App. 2011) (internal quotations marks omitted). "A trial judge's refusal to grant a new trial absolute when the verdict is grossly inadequate or excessive is an abuse of discretion" and on appeal this court will grant a new trial absolute. *Allstate Ins. Co. v. Durham,* 314 S.C. 529, 531, 431 S.E.2d 557, 558 (1993). The combined effect of the three elements of the jury's verdict in this case demonstrates the jury awarded relief that was grossly excessive, based its decision on matters outside of the evidence, and did not follow the jury instructions.

First, the jury awarded the Beanes forgiveness of the remaining amount of the loan account. Because the trial court's charge did not permit the jury to award this relief, and because the master awarded summary judgment on the note, the jury acted outside of its authority in awarding this relief. Moreover, there was no evidence presented as to the amount due on the loan as of the date of trial. Therefore, it was impossible for the jury to determine if the Beanes proved damages that equaled or exceeded the amount due on the loan. As to this element of the verdict, the jury awarded relief not permitted by the trial court in an unknown amount as to which there is no evidentiary support.

Second, the jury awarded the Beanes attorney's fees. The parties presented no evidence of attorney's fees, the trial court did not instruct the jury that it could award attorney's fees, and as a matter of law, attorney's fees are not recoverable in this action. *See Jackson v. Speed,* 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997) ("Attorney's fees are not recoverable unless authorized by contract or statute."). After the jury returned the verdict, both parties and the trial court agreed that attorney's fees were not recoverable. The trial court could not cure this improper action of the jury by simply excluding the attorney's fees from the judgment.

Third, the jury awarded the Beanes $198,395.17. However, the only evidence of damages suffered by the Beanes as a result of the negligent mismanagement of the securities account is the testimony of their expert stating the account underperformed by $176,121.00. While it may have been possible for the Beanes to prove consequential damages beyond the financial loss due to underperformance of the account, no such proof was offered. The Beanes contend on appeal that the expert's testimony of $176,121.00 does not include interest. However, the record gives the jury no basis on which to determine how to calculate any lost interest. We also note the trial court charged pain and suffering as an element of damages. However, there is no evidence in the record concerning pain and suffering.[1] Therefore, the maximum award supported by the evidence presented in this case is the amount of damages testified to by the Beanes' expert— $176,121.00.

The combination of the three elements of damages yields a grossly excessive verdict. The verdict demonstrates that the jury acted on some basis other than the evidence presented and that it did not follow the legal instructions given by the trial court. Our courts have consistently held that when a

---

1. The record contains no explanation as to why pain and suffering was charged. Pain and suffering damages are recoverable for physical pain and resulting suffering caused by personal injuries. *See Boan v. Blackwell,* 343 S.C. 498, 501–02, 541 S.E.2d 242, 244 (2001) ("An award for pain and suffering compensates the injured person for the physical discomfort and the emotional response to the sensation of pain caused by the injury itself."). Pain and suffering damages are not recoverable in a claim for mismanagement of a financial account.

grossly excessive jury verdict is based on improper consider-
ations such as these, the trial judge must grant a new trial.
*See O'Neal,* 314 S.C. at 527, 431 S.E.2d at 556.

### III. Wachovia's Motions as to Setoff

Wachovia contends the trial court erred in not grant-
ing its motion for directed verdict or JNOV as to setoff. We
agree. "When we review a trial judge's . . . denial of a motion
for directed verdict or JNOV, we reverse only when there is
no evidence to support the ruling or when the ruling is
governed by an error of law." *Watson v. Ford Motor Co.,* 389
S.C. 434, 455, 699 S.E.2d 169, 180 (2010) (internal quotation
marks omitted). We are "required to view the evidence and
inferences that reasonably can be drawn from the evidence in
the light most favorable to the non-moving party." *Pridgen v.
Ward,* 391 S.C. 238, 243, 705 S.E.2d 58, 61 (Ct.App.2010)
(internal quotation marks omitted).

The trial court denied the JNOV motion because it found
the master's order did not limit the amount the Beanes could
recover under their setoff claim to the amount due under the
note. We find this was an error of law. The Beanes attached
a copy of their proposed amended answer to the motion to
amend. The proposed answer contained two claims alleging
negligent mismanagement. The first was a "counterclaim"
alleging the Beanes were "damaged . . . in an amount to be
determined." The second was an "affirmative defense" for
setoff. The setoff claim included the specific allegation that
"*[t]o the extent* the [Beanes] are obligated to [Wachovia] their
obligation should be setoff by the funds lost due to . . .
mismanagement." (emphasis added). The master's order mir-
rored the language of the setoff claim, stating the Beanes'
"Motion to Amend [their] Answer and to allege counterclaims
. . . is granted to the extent the [Beanes] seek[ ] to establish
the right to a setoff of the amount owed under the Note." The
master's order did not permit any amendment to the Beanes'
answer other than to allege a setoff.

The Beanes argue, however, that an award for setoff may
exceed the underlying claim. This is correct under Rule 13,
SCRCP, which states "[a] counterclaim *may or may not*
diminish or defeat the recovery sought by the opposing party.

It *may* claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party." (emphasis added). However, the Beanes' claim for setoff in their proposed amended answer limited itself "to the extent [the Beanes] are obligated to [Wachovia]." The master's order granted the amendment only to allow the Beanes' setoff claim, and did not allow the Beanes' proposed counterclaim, which sought recovery beyond the amount due on the note.

We find the master acted within his discretion to limit the proposed amendment in this manner. The Beanes waited almost three years before they made any motion to amend their answer. Trial courts have wide discretion to grant or deny motions to amend, particularly after such a significant delay. *See Hale v. Finn*, 388 S.C. 79, 87–88, 694 S.E.2d 51, 56 (Ct.App.2010) ("Courts have wide latitude in amending pleadings and, ... the matter of allowing amendments is left to the sound discretion of the trial judge."). Because the master's order limited the amendment of the Beanes' answer to assert a claim for setoff, the trial court erred in not granting JNOV to limit the amount the Beanes could recover on their setoff claim to the amount due under the note.

## IV.  Conclusion

The trial court's decision not to grant a new trial amounts to an abuse of discretion. Accordingly we reverse that decision, vacate the judgment entered, and remand for a new trial in which the Beanes' claims for negligent mismanagement of the securities account will be limited to a setoff from the amount due on the loan.

THOMAS, J., concurs.

LOCKEMY, J., dissenting in a separate opinion.

LOCKEMY, J., dissenting.

I dissent with the majority because I believe due to this case's exceptional circumstances, it can be resolved by reforming the jury's verdict.

"A trial court is vested with very limited power to correct a jury verdict which is defective in form, but which in substance clearly and definitively expresses the jury's intentions." *Vin-*

*son v. Hartley,* 324 S.C. 389, 406, 477 S.E.2d 715, 724 (Ct.App. 1996). "However, the trial court can correct, reform, or remold such a verdict so as to express the jury's clear and definitely manifested intention." *Id.* "The correction of a jury verdict may be appropriate in those exceptional situations where it is clear there has been a mere ministerial error in reporting the verdict." *Id.; see* 75B Am.Jur.2d *Trial* § 1612 (2007).

"A trial court may amend a verdict in matters of form, but not of substance." *Vinson,* 324 S.C. at 406, 477 S.E.2d at 724. "A change of substance is a change affecting the jury's underlying decision, but a change in form is one which merely corrects a technical error made by the jury." *Id.* "The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs." *Id.*

In *Carolina State Hwy. Dep't v. Miller,* 237 S.C. 386, 394–95, 117 S.E.2d 561, 565 (1960), our supreme court addressed amendment of a verdict by the trial court:

> After the amendment the verdict must be not merely what the judge thinks it ought to have been, but what the jury intended it to be. Their actual intent, and not his notion of what they ought to have intended, is the thing to be expressed and worked out by the amendment.

" 'The law rather forbids this [c]ourt assuming to take upon itself the powers, duties, rights, and privileges of a jury.' " *Vinson,* 324 S.C. at 407, 477 S.E.2d at 724 (quoting *Anderson v. Aetna Cas. & Sur. Co.,* 175 S.C. 254, 282, 178 S.E. 819, 829–30 (1934)).

Here, I find the trial court erred in failing to instruct the jury on the law of setoff, as well as in allowing the jury to award damages for negligence beyond a complete setoff. I conclude the language of the master's order strictly limited the Beanes to asserting a setoff and only permitted the Beanes to allege causes of action that established their right to a setoff. *See* 20 Am. Jur. 2d *Counterclaim, Recoupment & Setoff* § 7 (2005) (noting a setoff must rest on a claim enforceable in its own right). However, the trial court's errors did not obscure the jury's clear belief that the Beanes were wronged and the jury's clear intent to compensate the Beanes

in an amount at least equivalent to a complete setoff of their damages.

I find the evidence presented at trial supports a verdict of a full setoff against the $224,625.37 that the Beanes owed under the note. Jack Herrmann, the Beanes' financial expert, testified the securities account underperformed by $176,121 due to Wachovia's mismanagement. Herrmann explained if Wachovia invested the Beanes' money in stocks and bonds with an average amount of risk, the securities account would have had sufficient funds to pay off the balance on the note. Herrmann also explained if Wachovia had not liquidated the Beanes' account at the bottom of the market it would have recovered some of its value and the Beanes "probably would have had enough funds ... to pay the balance of the loan." Furthermore, the Beanes lost the opportunity to earn interest on the amount of the account balance at liquidation and on the amount the account underperformed.

A jury deliberated and decided the specific issue that the majority sends back for a new trial. I believe it unnecessary and an inefficient administration of justice to require a new trial in which the award would be limited to a complete setoff, when simply amending the verdict to reflect a complete setoff would represent the original jury's intentions without invading the jury's province.[2] Here, this court has the ability to correct an error in form. There is no change in the substance of the verdict because the jury's underlying decision remains intact. Thus, I would propose amending the verdict to its legal limit, rather than sending the issue before a new jury for a trial in which the award is limited to a complete setoff.

---

2. I emphasize again that this is indeed an exceptional case. See *Vinson*, 324 S.C. at 406, 477 S.E.2d at 724. While reformation should not be done lightly, I believe case law supports it in this instance.