**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the benefit of Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2006-E, Respondent,

v.

Charles Taylor, Burgess Brogdon Bldg. Supply, Palmetto Health Alliance, Defendants,

of Whom Charles Taylor is the Appellant.

Appellate Case No. 2016-001526

———————

Appeal From Sumter County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-200
Submitted April 1, 2018 – Filed May 9, 2018

———————

**AFFIRMED**

———————

Charles Taylor, pro se.

Benjamin Rush Smith, III and Sarah Beth Nielsen, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** Charles Taylor appeals the circuit court's interlocutory order, which dismissed his counterclaims, denied his motion to dismiss the Bank of New York Mellon's (the Bank's) foreclosure suit, and denied his motion to amend his pleadings. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in granting the Bank's motion to dismiss Taylor's original counterclaim: *Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003) ("Under Rule 12(b)(6), SCRCP, a [party] may move to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *id.* at 201-02, 584 S.E.2d at 415 ("Generally, in considering a 12(b)(6) motion, the [circuit] court must base its ruling solely upon allegations set forth on the face of the complaint."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); Rule 9(b), SCRCP ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993) ("In order to prove fraud, the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."); *id.* ("A complaint is *fatally defective* if it fails to allege all nine elements of fraud." (emphasis added)); *id.* ("Where the complaint omits allegations on any element of fraud, the [circuit] court should grant the defendant's motion to dismiss the claim.").

2. As to whether the circuit court erred in granting the Bank's motion to strike Taylor's additional counterclaims: *Robinson v. Code*, 384 S.C. 582, 585, 682 S.E.2d 495, 496 (Ct. App. 2009) ("[T]he matter of striking from a pleading is largely within the discretion of the [circuit court]."); *id.* ("Thus, the grant of a motion to strike will not be reversed except for an abuse of discretion or error of law."); Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within [thirty] days after a responsive pleading is served . . . [o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3. As to whether the circuit court erred in denying Taylor's motion to dismiss the Bank's foreclosure suit: *Edge v. State Farm Mut. Ins. Co.*, 366 S.C. 511, 517, 623 S.E.2d 387, 390 (2005) (holding the denial of a motion to dismiss may be considered if there is an appealable issue before the court); *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 321, 701 S.E.2d 39, 44 (Ct. App. 2010) ("In reviewing [a motion for] dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) (omissions by court) ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *Ballou v. Young*, 42 S.C. 170, 176, 20 S.E. 84, 85 (1894) ("The transfer of a note carries with it a mortgage given to secure payment of such note."); *Draper*, 405 S.C. at 220-21, 746 S.E.2d at 481 ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action." (quoting *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 374 684 S.E.2d 199, 204 (Ct. App. 2009))); *id.* at 220, 746 S.E.2d at 481 ("An assignee stands in the shoes of its assignor."); S.C. Code Ann. § 36-3-301 (Supp. 2017) (providing that a holder of an instrument is entitled to enforce the instrument); S.C. Code Ann. § 36-1-201(b)(21)(A) (Supp. 2017) (providing that a holder is "the person in possession of a negotiable instrument that is payable . . . to . . . an identified person that is the person in possession").

4. As to whether the circuit court erred in denying Taylor's motion to amend his pleadings: Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within [thirty] days after a responsive pleading is served . . . [o]therwise a party may amend his pleading *only by leave of court or by written consent of the adverse party*." (emphasis added)); *Hale v. Finn*, 388 S.C. 79, 87-88, 694 S.E.2d 51, 56 (Ct. App. 2010) ("Courts have wide latitude in amending pleadings and, while this power should not be exercised indiscriminately or to surprise or prejudice an opposing party, the matter of allowing amendments is left to the sound discretion of the [circuit court]." (quoting *Mylin v. Allen-White Pontiac*, 281 S.C. 174, 180, 314 S.E.2d 354, 357 (Ct. App. 1984))); *Wachovia Bank Nat'l Ass'n v. Beane*, 397 S.C. 612, 619, 725 S.E.2d 715, 719 (Ct. App. 2012) ("[Circuit] courts have wide discretion to grant or deny motions to amend [the pleadings], particularly after . . . a significant delay.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**